## Peter Cashen, Jr., Appellant, v. J. W. Cashen, et al., Appellees.

1. PARTITION—*costs*. Taxation of a solicitor's fee as costs in partition should not be denied because defendants hired counsel to file an answer correcting the description of the property set forth in the bill of complaint, where such bill was corrected without information from the answer and before an answer was required to be filed.

2. PARTITION—*answer*. Complainant is not bound, as a matter of law, to take notice of an answer filed before it was required by the rule of the court.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed April 11, 1912.

W. B. McBRIDE, for appellant.

GRAHAM & GRAHAM, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is a bill filed for the partition of the estate of Peter Cashen, deceased. Complainant filed his bill setting forth the rights and interest of the parties in the estate of Peter Cashen, but omitted from the bill an eighty-acre tract which Peter Cashen owned at the time of his death and included therein a tract of eighty acres which he did not own. The interests of the parties to whatever estate the deceased died seized of was properly set forth.

Defendants employed counsel and filed an answer; the answer set forth the error in the bill wherein it included eighty acres not owned by the deceased, and omitted an eighty-acre tract which he did own at the time of his death.

The original bill was filed October 24, 1910; the term of court to which it was filed did not convene until the

twenty-eighth day of November, 1910. To the original bill as filed defendants filed their answer on November 23, 1910, five days before the terms of court convened. On November 28, 1910, complainant was given leave and amended the original bill of complaint, by which amendment the error in the original bill regarding the eighty-acre tract was corrected. On hearing, a decree was entered in accordance with the prayer of the original bill as amended.

By a rule of the court regarding answers in chancery, it was provided that no answer was required to be filed until the morning of the second day of the term, which was November 29; on the morning of November 29 the court entered an order extending the time for filing answers in chancery until the second Thursday of the term.

Complainant's evidence shows that at the time of amending his original bill he did not know that an answer had been filed, that he did not obtain any information of the error contained in the original bill from the answer. Defendants insist that the answer having been filed, complainant was bound to take notice thereof, and that the answer having disclosed the error, he cannot be permitted to say that he did not derive his information therefrom, and that defendants were required to employ counsel for the purpose of protecting their interest in this estate, and that by reason thereof complainant is not entitled to have a solicitor's fee taxed as costs.

Sec. 16, Ch. 22, Hurd's Revised Statutes, 1909, concerning chancery practice, provides that an answer shall be due on the return day of the summons, or within such further time as may be granted by the court. Complainant, therefore, was not bound to know that an answer had been filed before the morning of the second day of the term, which was November 29, and cannot, as a question of law, be held to be bound by notice that an answer was filed five days before the first day of court.

Having amended his bill on the first day of the term, upon his own motion, and without any information derived from the answer filed by defendants, and before any answer was required by the rule of the court, the mere fact that there was an error in the description of the property in his original bill is not sufficient to deprive complainant of the right to have a solicitor's fee taxed as costs.

The answer to the amended bill admits all the allegations of the amended bill but denies the right to a partition. After the decree had been entered by the court directing a partition and the commissioners appointed, an agreement was entered into by and between complainant and defendants, whereby a division was made of this estate according to the interest set forth in the amended bill of complaint and by the commissioners; the land could not be divided equally, and the rule concerning owelty was adopted in the partition by agreement of the parties for the purpose of preventing a sale of the premises, and those receiving the most land were required to pay the others cash to equalize the values; no question is raised concerning the division made.

Defendants insist, and offer evidence tending to show, that complainant's solicitor forced a settlement of this partition suit so as to bring about an adjustment of certain matters concerning the settlement of the estate in the Probate Court; but conceding this contention as true, whatever was done to further that end occurred after the partition decree had been entered by the Chancellor, and had nothing whatever to do with the partition of the land or the right of the complainant to have a solicitor's fee taxed. The controversy or difference which appears to exist grew out of the settlement of matters in the Probate Court and not from any matter arising in the partition suit, and so far as the record discloses, it was unnecessary that the defendants should have employed counsel to protect their interests in the partition proceedings. After

the original bill had been amended properly setting forth the property of the deceased and the rights and interests of all parties therein, the rights of the defendants would have been properly taken care of and protected by the court on the allegations in the bill, even if defendants had been defaulted, and where such conditions are shown complainant is entitled to have a solicitor's fee taxed as costs. Habberton v. Habberton, 156 Ill. 444-47; Stollard v. Nycum, 240 Ill. 472.

From a careful examination of this record and the questions involved, we are satisfied that no substantial defense was made or interposed by any of the defendants, that complainant was entitled to have a solicitor's fee taxed as costs, and that the court erred in denying the motion of complainant to tax a reasonable solicitor's fee. No other question than that of solicitor's fee being raised upon this record, the decree of the Circuit Court will in that regard be reversed and the cause remanded to the Circuit Court with directions to the Chancellor to order a reasonable solicitor's fee for complainant to be taxed as costs to be paid by the owners of fee in proportion to their interests in the premises.

*Decree reversed in part and remanded with directions.*