(No. 17443.—Order affirmed; appeal dismissed in part.)

IDA STELLING, Appellee, *vs.* WILLIAM STELLING *et al.* Appellants.

*Opinion filed October 28, 1926.*

1. PARTITION—*no appeal lies from order sustaining exceptions to part of answer and referring to master.* An order sustaining exceptions to certain parts of an answer to a bill for partition and referring the cause to the master on the pleadings as they stand is interlocutory and no appeal lies therefrom; but an appeal will lie from an order sustaining a demurrer to a cross-bill, and in such case the appeal will be dismissed only as to the interlocutory order.

2. SAME—*cross-bill to have trust declared is proper.* On a bill for partition a cross-bill is a proper method of seeking affirmative relief by having a resulting or constructive trust declared and enforced in the property sought to be partitioned, or any part of it, and is germane to the bill.

3. TRUSTS—*when resulting trust arises.* Where land is bought and the purchase price is paid by one person and the title taken in the name of another a resulting trust arises in favor of the person whose money paid for the land.

4. SAME—*resulting trust cannot arise out of agreement.* A resulting trust does not arise out of an agreement but by implication of law from the fact that one person's money paid for the land and another person took the title, and where there is an express trust there cannot be a resulting or implied trust.

5. SAME—*party seeking resulting trust must have paid all or definite portion of purchase price.* A person seeking to establish a resulting trust must show clearly and without question that his money paid all or some definite portion of the purchase price for a definite tract of land the title to which was taken in another.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

SAMUEL C. HERREN, for appellants.

THOMAS J. PEDEN, and PAUL MACGUFFIN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Herman Stelling, a resident of Lake county, died on January 5, 1924, intestate, leaving Ida Stelling, his widow, and his three sons, William, Henry and Fred, his heirs. Fred died on July 5, 1924, leaving a widow, Lily Stelling, and five minor children, who, with another child born after his death, were his heirs. At the time of his death Herman held the title to 200 acres of land in the town of Vernon, in Lake county, and another tract of 1.76 acres in the town of Prairie View, which he occupied with his wife as a homestead. His widow, Ida, and his son Henry, filed a bill for the partition of this real estate, making his son William and the widow and children of his son Fred defendants. An amended and supplemental bill of complaint was afterward filed, which was answered, and on motion of Henry he was permitted to withdraw as a complainant and to join as a defendant in the answer of the other defendants. A cross-bill was filed by the defendants, claiming that Herman in his lifetime held the title to the 200-acre farm in trust only for the children of himself and his wife, Anna, who died in 1907. Ida demurred to the cross-bill and excepted to certain parts of the answer to the original bill. The court sustained the exceptions and the demurrer, dismissed the cross-bill for want of equity and referred the cause to the master, to be heard on the pleadings as they stood,—that is, on the amended and supplemental bill of complaint and the answer, with those parts expunged to which exceptions had been sustained, and the amended

cross-bill dismissed. From this order the defendants in the original bill, the complainants in the cross-bill, appealed.

The amended and supplemental original bill was an ordinary bill for partition, averring the ownership of Herman Stelling, his death, the relationship of the parties, the interests in the real estate to which they were, respectively, entitled, alleging that Ida Stelling, the widow of Herman, was entitled to an undivided one-third, "she having waived dower under the statutes of the State of Illinois in such case made and provided," and was also entitled to a homestead. The answer of the defendants admitted that Herman was possessed of the property described in the bill at the time of his death but denied that he was seized of it in fee simple, "as will more fully appear on the trial or hearing of this cause." It admitted his death and the relationship of the parties, and denied that Ida, his widow, was an heir or entitled to an undivided third of the real estate. Further answering, it denied that Ida waived her dower as alleged in the bill, and alleged that it was her duty to execute a waiver by filing and recording, within one year after the death of the intestate, in writing, such waiver, duly signed and acknowledged, expressing her intention to waive her dower, but this she failed and refused to do; that she has at all times since the death of her husband claimed only a dower interest in the property and has been paid it by the administrator from moneys arising from the rentals of the property. The answer also denied that the interests of the parties were correctly stated in the bill and set them out as claimed by the defendants. It was the allegations in regard to the waiver of dower and the statement of the interests of the parties to which exceptions were sustained.

The cross-bill alleged, in addition to the facts averred in the answer, that about 1889 Anna Stelling, who was then the wife of Herman Stelling and the mother of his children, purchased 160 acres of the land and paid as a

part of the purchase money $1700 of her own separate property, and the deed to the land was taken in the name of her husband "with the understanding that the same should vest in and become the property of these cross-complainants at their death, and that the same was held by the said Herman Stelling in trust for them, and that during all of their lives that agreement and understanding prevailed and was known to the mother and these cross-complainants." The cross-bill sets out the acquaintance of Henry Stelling and Anna Richers in Germany, her coming to this country about 1871 and his coming two years later, their marriage in 1873, the birth of their children, the purchase of the 160 acres, their moving upon the land and residing upon it until 1905, the fact that the sons lived with and worked for their father and mother until they were twenty-nine, twenty-six and twenty-one years old, respectively; "that together they labored with their mother and father, now deceased, upon the said land and accumulated all of the property that was acquired and held in the name of the said Herman Stelling, deceased, and of which he died possessed; that the industry and economy of these sons, together with that of their mother and father, added to the estate purchased with the mother's funds, constitutes all the property now sought to be partitioned between these cross-complainants."

Anna Stelling died in 1907, and in 1908 Herman married Ida Stelling, and they have since resided in the Prairie View property. She had property of her own and they controlled their separate estates, keeping separate bank accounts until his death. He frequently expressed to her the intention that his sons should have the farm and she well understood that such was his intention. It is averred that "all of the property herein described was the result of the money invested by their mother and arising from the labor of these cross-complainants, and that by reason thereof at

the death of the said Herman Stelling the said property became vested in, and was, their absolute estate in fee."

The appellee contends that the order appealed from is interlocutory and therefore not appealable. Two issues are presented by the pleadings, both of which affect the rights of all the parties but which are separable. The object of the cross-bill is to withdraw the farm from the estate of Herman Stelling and relieve it from the claim of an interest therein by his widow. It does not affect the homestead tract. The dismissal of the cross-bill leaves nothing more which can be done with reference to it. It entirely disposes of the appellants' claim to the exclusive ownership of the farm, which is an entirely distinct branch of the controversy between the parties. The decree is therefore final as to the cross-bill and an appeal properly lies from that part of the order. The appeal should have been limited to the order dismissing the cross-bill, as to which this order is a final decree. So far as the order sustained exceptions to the answer and referred the cause to the master it is interlocutory. That part of the order merely settled the pleadings and provided for the taking of the evidence preparatory to a hearing and final decree. The appeal from this part of the order was improvidently allowed, but this does not necessarily require the dismissal of the whole case on appeal. The appeal will be dismissed only as to the order sustaining exceptions to the answer and the order of reference.

Counsel for the appellants has devoted the greater part of his brief and argument to the discussion of the meaning of section 1 of the Statute of Descents as amended in 1925 and the method by which a waiver of dower may be accomplished, and has made no argument in support of the cross-bill as stating a case showing the existence of a trust or the right to any equitable relief against the partition of the property in accordance with the legal title. If a final decree on the original bill had been rendered declaring the

rights of the parties his argument would be appropriate, but since no such decree is before us we cannot consider it. That question may arise when a final decree of partition is rendered on the original bill. The only question we can decide is, Does the cross-bill state a case justifying a court of equity in decreeing a trust in favor of the cross-complainants?

By section 39 of the Partition act the court is empowered to investigate and determine all questions of conflicting or controverted titles and remove clouds upon the titles to any of the premises sought to be partitioned, and therefore on a bill for partition a cross-bill is a proper method of seeking affirmative relief by having a resulting or constructive trust declared and enforced in the property sought to be partitioned, or any part of it, and is germane to the bill. · *Dorman* v. *Dorman,* 187 Ill. 154; *Pool* v. *Phillips,* 167 id. 432.

If land is bought and the purchase price is paid by one person but the title is taken in the name of another a resulting trust arises in favor of the person whose money paid for the land. (*Bruce* v. *Roney,* 18 Ill. 67; *Mathis* v. *Stufflebeam,* 94 id. 481; *VanBuskirk* v. *VanBuskirk,* 148 id. 9; *Brennaman* v. *Schell,* 212 id. 356.) A resulting trust does not arise out of contract but by implication of law from acts done, from the fact that one person's money paid for the land and another person took the title. (*Mayfield* v. *Forsyth,* 164 Ill. 32.) Where there is an express trust there cannot be a resulting or implied trust. *Kingsbury* v. *Burnside,* 58 Ill. 310.

It is clear that the cross-bill does not show a case of a resulting trust or a constructive trust. First, as to the subject matter of the trust, Herman Stelling was seized of 200 acres of land. The cross-bill alleges the purchase of only 160 acres to the payment of the purchase price of which Anna Stelling contributed. What particular 160 acres her money helped to pay for does not appear. Again, as to what portion of the purchase price was paid

with her money the averment is indefinite. The allegation is that her $1700 paid only a part of the purchase price. The substance of the allegation is that $1700 of her money constituted a part of an indefinite sum which was the purchase price of an indefinite 160 acres out of a 200-acre tract of land. A person seeking to establish a resulting trust must show clearly and without question that his money paid all or some definite proportion of the purchase price of a definite tract of land the title of which was taken in another.

The trust alleged is one by agreement in favor of others than the person who paid the money. In 1889 the three sons of Herman Stelling were living, none of his grandchildren were yet born, but the allegation is that the deed was taken in the name of Herman with the understanding that the property should vest in and become the property of the cross-complainants at the death of their father and mother and that during all their lives that understanding prevailed. The same objections to the express trust exist as those to the resulting trust which have been already mentioned,—the indefiniteness of the subject matter and the uncertainty of the proportion of the purchase price paid by Anna Stelling.

The demurrer to the cross-bill was properly sustained. The appeal is dismissed as to the order sustaining exceptions to the answer and referring the cause to the master, and the decree dismissing the cross-bill is affirmed.

> *Order dismissing cross-bill affirmed.*
> *Appeal dismissed as to order sustaining*
> *exceptions to answer and referring*
> *to master.*