(No. 18347.—Decree affirmed.)
IDA STELLING, Appellee, vs. WILLIAM STELLING et al.
Appellants.

*Opinion filed April 21, 1928—Motion to file rehearing petition instanter denied June 6, 1928.*

1. DESCENT—*allegation and proof of waiver of dower essential to right to one-third in fee under amendment of 1923.* Waiver of dower is a condition precedent to the right of the widow to claim one-third of the real estate in fee under the Descent act as amended in 1923, and in order to establish her right a waiver of dower in one of the modes provided by the statute must be alleged and proved.

2. PARTITION—*when answer to allegation of waiver of dower is insufficient.* Where a widow alleges in her bill for partition that she has "waived dower under the statute," an answer averring that she filed no writing waiving or electing to take dower is not responsive, as it states but one of the two methods by which dower may be waived under the Descent act as amended in 1923, and the widow may prove her allegation by showing that she failed to take any action whatever within a year after her husband's death.

APPEAL from the Circuit Court of Lake county; the Hon. ARTHUR E. FISHER, Judge, presiding.

SAMUEL C. HERREN, for appellants.

THOMAS J. PEDEN, and PAUL MacGUFFIN, (WILLIS A. OVERHOLSER, of counsel,) for appellee.

Mr. COMMISSIONER CROW reported this opinion:

Ida Stelling filed a bill for partition, making the heirs of Herman Stelling parties defendant. The cause was heard by a master in chancery, who reported the evidence with his conclusion that she was entitled to partition. On exceptions the chancellor approved the report and entered a decree for partition as recommended by the master. The heirs appealed from the decree.

One branch of the case was before this court in *Stelling v. Stelling,* 323 Ill. 122. The order of the circuit court dismissing the cross-bill of defendants was affirmed. The appeal was dismissed as to the order sustaining exceptions

of complainants to the answer and referring the cause to the master for the reason that those were interlocutory orders. They are not now presented. Afterward the evidence and conclusions were reported by the master in accordance with the averments and prayer of the bill. Exceptions to his report were overruled and a decree rendered as prayed in the bill and recommended by the master.

Appellee is the widow of Herman Stelling. He had been previously married. His first wife died, leaving children. No children were born of the second marriage. He died January 5, 1924, intestate. The amended and supplemental bill, upon which the decree was rendered, was filed June 6, 1926. The bill, as to the interests of the parties, averred that the parties to this suit "are seized in fee simple as tenants in common, and their rights and interests herein, so far as now material, are as follows: Ida Stelling, widow, one-third part thereof, she having waived dower under the statute of the State of Illinois in such case made and provided and is also entitled to homestead in the real estate described." By the third paragraph of their answer defendants denied that Ida Stelling was an heir-at-law of Herman Stelling or that she was entitled to an undivided one-third of the real estate of which he died seized. By the fourth paragraph they denied that she as widow waived her dower in the real estate of Stelling, and by way of answer stated her duty in that respect as defined by the statute; that neither prior to nor since the commencement of the suit has she filed any instrument either waiving or electing to take dower, and by reason thereof ought not to be allowed any other or greater interest in the estate than that under the statute awarding dower. On the assumption that she as widow was not entitled to any interest in the lands of her deceased husband because she had not filed or recorded an election or renunciation in the office of the recorder of deeds, they stated the failure in those respects with much particularity. They stated the interest of the

several parties, as a conclusion from the averments, to be different from that stated in the bill. Exceptions to the answer for insufficiency and impertinence were filed and sustained by the court. Those exceptions are not presented by this record.

When the cause was formerly here the present appellants sought to have the court determine the propriety of sustaining the exceptions to their answer. The order as to that was held to be interlocutory, only, and not subject to review. It was also decided that the demurrer to the cross-bill was properly sustained. The cause afterward proceeded to decree upon the original bill and evidence.

In the first division of the brief of appellants counsel says, "an interpretation and construction of the following provisions of the Statute of Descent is desired," setting out substantially the whole of the third and fourth paragraphs of section 1 of the statute. When the case was decided by the master in chancery, this court in *Steinhagen* v. *Trull*, 320 Ill. 382, had construed the section of the act now considered. Counsel for appellants seems content to quote a sentence from that opinion as to the necessity of alleging and proving a waiver of dower in one of the manners provided by the statute. In that case it was said: "The right of dower is not changed by the amendment in question, though the manner of its assertion and the method in which it may be waived are affected by the amendment. The spouse entitled to dower is required, within one year of the death of one intestate, to elect between the right to take dower in the real estate and the right to receive one-third of the real estate of which the intestate died seized in fee. This election may be indicated expressly by filing a written waiver of dower or impliedly by failing to file an election to take dower in such real estate. The regulation of the descent of property and of the right to devise property, as well as the method of conveying and the manner of creating estates and the character and quality of es-

tates created, is purely statutory and entirely within the control of the legislature.—*Ramsay* v. *VanMeter,* 300 Ill. 193; *Prall* v. *Burckhartt,* 299 id. 19; *Sturgis* v. *Ewing,* 18 id. 176."

It is contended that notwithstanding the statute provides that waiver of dower may be effected under clause (*a*) of the fourth paragraph of section 1 of the Statute of Descent by filing and recording a writing executed in the manner there provided expressing the intention to waive dower, and by failing, under clause (*b*), to file or record within one year an election to take dower, the construction by the circuit court that the failure to file the election waived dower is "absurd, inconsistent and a contradiction." It is not made clear how such serious consequences flow from the construction and application of the paragraph by the circuit court. When the case of *Steinhagen* v. *Trull, supra,* was considered and decided the amendment of 1923 of the statute was under attack as being unconstitutional legislation. That challenge demanded care in its consideration, not only in its relation to the constitution but in its structure as a piece of new legislation in this State. The amendment conferred upon the widow the right to receive as "her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower." The waiver of the right of dower is therefore a condition precedent to the right of the widow to claim one-third of the real estate in fee, and in order to establish her right a waiver of dower in one of the manners provided by the statute must be alleged and proved. *Steinhagen* v. *Trull, supra.*

There is no incongruity in the section because it provides for waiver of dower either by filing a written waiver within a year after the death of the spouse or by failure to file it within that time. In the first event the party makes the election; in the second the law imputes it. Everyone

interested in the estate is put upon notice by the record as to the interest the widow takes, whether by election or by silence. By filing the election sooner an estate may be more speedily settled. Under some circumstances prudence may suggest action rather than inaction. The statute permits the widow to elect, within one year, whether she will accept the provisions made in the will for her benefit or renounce them. She may make the renunciation at once upon the probate of the will, or she may wait until the last day of the year allowed for the purpose. The reason for permitting delay in making the election is to allow deliberation that she may determine which course is better to be pursued for her benefit. (*Canavan* v. *McNulty*, 328 Ill. 388; *Stone* v. *Vandermark*, 146 id. 312.) If it were necessary to speculate as to the reason for requiring action, or the propriety of inaction permitted here as its equivalent, it might well be found in those circumstances, but it is sufficient for every purpose that "it is written."

It is contended that appellee cannot maintain the decree because she averred in her bill that she had waived her right of dower, and that she proved the averment by showing that she had filed no waiver of dower. For that contention appellants cite *Steinhagen* v. *Trull, supra.* That case is authority for the necessity of the averment of waiver in the bill. But if appellants were not satisfied with the manner of the averment and had brought it to the attention of the court in an appropriate manner, no doubt appellee would have been required to state specifically whether the conclusion was supported by action, as required by clause 1, or by failure to act, as permitted by the other clause. The fact seems to be that they considered the latter method so absurd that they did not regard it as serious. They did not demur to the bill. Besides, they averred in their pleading that appellee had filed no writing waiving or electing to take dower. In that condition of the record the decree was properly rendered.

The only points presented by the brief of appellants as grounds for reversal are those noticed.

The decree of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*