ADELINE GETZELMAN *et al.*, Appellees, *vs.* LEONA KOEHLER *et al.*, Appellants.

*Opinion filed September 18, 1958.*

ELLIS, HAMILTON & GEISTER, of Elgin, for appellants.

MITCHELL, KILANOWSKI and EARL H. GROMER, both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The plaintiffs, Adeline Getzelman, individually and as administrator of the estate of Alfred Sodman, deceased, Robert Getzelman, and Dorothy Sodman brought this action in the superior court of Cook County against Leona Koehler and Theodore Koehler, her husband, for partition of certain real estate owned by Adeline Getzelman and Leona Koehler, as tenants in common, and against others who

are not involved in this appeal, to quiet title to such real estate. The defendants appeal from the decree of partition finding the rights of the parties and appointing commissioners, the decree amending and approving the master's report of proposed distribution of costs, and the order sustaining the plaintiffs' motion to strike the counterclaim of the defendant. A freehold is involved.

The evidence reveals that Alfred W. Sodman died intestate in November, 1949, leaving Louise Sodman, his widow, and Adeline Getzelman, Dorothy Sodman, and Leona Koehler, his children, as his only heirs-at-law. At his death, the widow became vested with an undivided ⅓ interest and each daughter became vested with an undivided ²⁄₉ interest in 110 acres of vacant land situated in Cook County, which land is the subject of this controversy.

In May, 1952, Louise and Dorothy Sodman and Adeline Getzelman joined in a deed conveying their interests in the real estate to a strawman, who reconveyed to these three as joint tenants. Louise Sodman died in April, 1954, and shortly thereafter Dorothy Sodman conveyed her interest to Adeline Getzelman, who thereby became the legal owner of an undivided ⅞ interest therein.

In December, 1954, the partition complaint was filed. The defendants answered denying the material allegations of the complaint and filed two special defenses which are not involved in this appeal. They also filed two counterclaims—the first alleging Adeline Getzelman holds money from certain bank accounts in trust for the defendant Leona Koehler, and the second alleging that Adeline and Dorothy Sodman each hold an undivided ⅛ interest in the 110 acres as constructive trustees for the defendant Leona Koehler. The plaintiffs replied to the special defenses and moved to strike the counterclaims. The court on December 7, 1955, referred the cause to the master in chancery.

The master filed his report finding that the interests of the parties as set forth in the complaint had been proved

and recommended a decree for partition in accordance therewith. The defendants filed objections to this report, which were overruled and ordered to stand as exceptions. On October 22, 1956, the court entered its decree which overruled the exceptions of the defendants, approved and confirmed the master's report, ordered partition of the real estate and appointed commissioners to make the partition.

A decree confirming the report of the commissioners was entered on February 14, 1957. The commissioners found the real estate susceptible of division and partition, and partitioned the land between the parties, $\frac{7}{9}$ thereof to Adeline Getzelman and $\frac{2}{9}$ thereof to Leona Koehler. The defendants do not complain of nor appeal from the decree confirming the commissioners' report.

The cause was re-referred to the master for a hearing as to the distribution of fees and expenses and as to rents due, if any. The master's report on accounting was filed and the defendants' objections thereto were ordered to stand as exceptions. On November 5, 1957, the court entered its decree approving and confirming the master's report after reducing the amounts found by the master to be due as rents from the defendants and attorneys' fees.

Plaintiffs contend that the decree of October 22, 1956, was a final and appealable decree and, therefore, since defendants' notice of appeal was not filed until November 25, 1957, we have no jurisdiction to review this decree under section 76 of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 76.) They cite as authority for their contention a number of decisions which hold that a decree for partition which settles the interests of the parties and appoints commissioners is a final and appealable decree even though the cause is thereafter referred to a master to state an account. (*Altschuler* v. *Altschuler*, 399 Ill. 559; *Rabe* v. *Rabe*, 386 Ill. 600; *Hardin* v. *Wolf*, 318 Ill. 48.) Consideration must be given to the effect, if any, of subsequently enacted section 50(2) of the Civil Practice Act.

(Ill. Rev. Stat. 1957, chap. 110, par. 50(2).) The question of whether the partition decree is final and appealable is controlled by the Civil Practice Act since the Partition Act (Ill. Rev. Stat. 1957, chap. 106,) makes no provision therefor and section 28 thereof (par. 71) provides that the Civil Practice Act shall apply.

In *Ariola* v. *Nigro*, 13 Ill.2d 200, we stated that section 50(2) is applicable to a final judgment or decree rendered in a multiple-claims action when the judgment or decree determines fewer than all the rights and liabilities in issue or fewer than all of the matters involved in the case. Applying this rule in *Hanley* v. *Hanley*, 13 Ill.2d 209, we dismissed an appeal from a decree which resolved with finality the title to certain real estate based on the fact that there was an undisposed-of accounting issue and that there was no express finding by the court that there was no just reason for delaying appeal from the decree. In accordance with the views expressed in the *Ariola* and *Hanley cases* we hold that the partition decree of October 22, 1956, although final, was not appealable at that time because it determined fewer than all the rights and liabilities in issue and the trial court had not made the necessary express finding.

It might be argued that since in partition cases the accounting is controlled by the interests of the parties as found in the partition decree, immediate appeal should be allowed therefrom. The answer is simply that section 50(2) merely fixes the procedure for determining when an appeal may be taken. A party, wishing to appeal from a partition decree before disposition of an accounting or other issue, should move the trial court to make an express finding in its decree that there is no just reason for delaying appeal therefrom.

Since the decree of October 22, 1956, was not appealable at that time, it is now proper to consider the alleged errors therein. The defendants contend that the court erred in overruling its exceptions to the master's report of partition

in that no evidence was allowed to be heard to sustain the allegations of their counterclaims. They argue that since there was no hearing or adjudication of the matters raised by the counterclaims, no valid decree finding the interests of the parties could be entered.

It was proper for the defendants by their second counterclaim to ask for a constructive trust to be declared and enforced on the property sought to be partitioned. (*Stelling* v. *Stelling,* 323 Ill. 122.) The defendants had a right to have the issues raised by this second counterclaim heard and adjudicated before a decree of partition was entered, since it went to the question of the interests the parties have in the land. *Grote* v. *Grote,* 275 Ill. 206.

At the hearing before the master on the question of partition the defendant Leona Koehler testified: "My sister [Dorothy] said that I was entitled to my part of the farm as well as the other two [Dorothy and Adeline], and that they would see to it that I would get it." Questions such as: "Did your sister say * * * that she was holding her interest in trust————," were not allowed because they were leading. The defendants' attorney also attempted to prove the allegations of the second counterclaim by the testimony of Adeline Getzelman and Dorothy Sodman, who were called under section 60 as adverse witnesses, but their testimony completely negated the allegations of the second counterclaim. Thus, defendants' contention that no evidence was allowed to be heard to sustain the allegations of their second counterclaim is not sustained by the record. Nor can we agree that there was no adjudication of the matters raised by the second counterclaim. It is true that the decree made no express finding as to it, but the decree did overrule the defendants' exception based on that ground and decreed the interests of the parties in such a manner that it amounted to an express finding that the allegations of the second counterclaim had not been proved.

Furthermore, the decree of February 14, 1957, which

confirmed the commissioners' report of partition made pursuant to the decree of October 22, 1956, is not appealed from. In *Scott* v. *Scott*, 304 Ill. 267, it was held that a party by accepting the proceeds of a sale in a partition suit had received the benefits of the partition decree and that he would thereafter be precluded from seeking its reversal. Here, the defendants accepted the benefits of the decree for partition by not appealing from the decree assigning certain portions of the premises in question to them and they cannot, therefore, now seek a reversal of the decree for partition.

As to the first counterclaim, the record reveals that at the hearing on partition, defendants' attorney started a line of questioning in an effort to prove the allegations thereof. Plaintiffs' attorney objected because it did not relate to the issue of partition and suggested that it should be heard separately. There was a discussion off the record between the master and the attorneys. The record is unsatisfactory as to the result of the discussion, but, in any event, defendants' counsel discontinued this line of questioning.

Later, during the hearing before the master after re-reference on the accounting phase of the case, there was another discussion in regard to the first counterclaim. Plaintiffs' attorney suggested that the first counterclaim be tried as a separate and distinct issue from the partition accounting. Defendants' attorney apparently consented to this.

The court on November 8, 1957, heard arguments and entered an order sustaining the plaintiffs' motion to strike the counterclaim but gave the defendants 30 days to file amended counterclaims. The defendants elected not to file them but appeal from such order. In their brief they state that they elect to stand by their counterclaims. In order to eliminate unnecessary delay in the disposition of the case, we consider that defendants' election makes the order of the trial court final for the purpose of review by this court. Cf. *Pierce* v. *Pierce*, 4 Ill.2d 497.

That portion of the order of November, 1957, striking the second counterclaim was mere surplusage since the issues raised by it had been heard and adjudicated. In any event, no cause of action was stated because there were no facts alleged to establish actual fraud or the existence of a confidential relationship. See *Kapraun* v. *Kapraun*, 12 Ill.2d 348.

That portion of the order striking the first counterclaim was correct. Such counterclaim did not make the necessary allegations with sufficient certainty for the creation of an express trust of personal property, (see *Kilgore* v. *State Bank of Colusa*, 372 Ill. 578; *Gurnett* v. *Mutual Life Insurance Co. of New York*, 356 Ill. 612,) nor did it allege facts which would establish actual fraud or the existence of a confidential relationship. See *Stephenson* v. *Kulichek*, 410 Ill. 139; *Kester* v. *Crilly*, 405 Ill. 425.

The defendants next allege that the decree of November 5, 1957, which confirmed in part and overruled in part the master's report of proposed distribution of costs, is erroneous wherein it decrees that there is due from the defendants to the plaintiff Adeline Getzelman the sum of $3,000 as rent from 1954 to 1957. The evidence reveals that in February, 1953, Louise and Dorothy Sodman and Adeline Getzelman leased their interest in the subject property to defendants. The written lease was for a term of one year commencing March 1, 1953, and provided that the sum of $1,500 rent should be paid to Louise or her legal representative. The rent for that year was paid. The defendants farmed all of the land the following year, with the consent of Louise and Dorothy. Early in 1954 Adeline became the sole owner of the 7/9 interest by virtue of Louise's death and the conveyance from Dorothy. Adeline and the defendants could not reach an agreement as to the farming of the property for the year beginning March 1, 1955, and the defendants farmed only 23 acres from 1955 till 1957.

The defendants acknowledge their obligation to pay $1,500 rent for the year 1954, but contend that this rent is payable, under the terms of the written lease, to the "legal representatives" of Louise, who they claim to be her three daughters. We cannot agree with this interpretation of the lease.

It is true that the terms of the written lease would apply to the tenancy of the property for the year 1954, but only insofar as they were applicable to the new situation. A lease, wherever possible, should be construed reasonably and in such a manner as will be most equitable to the parties and give neither party an unfair advantage over the other. We are of the opinion that "payable to Louise Sodman or her legal representative" was intended by the parties to mean that Louise Sodman should have the rents from the property during her lifetime and her legal representative should have the accrued rents, if any, at her death. To interpret the payable-clause in the manner contended by the defendants would give to them a most unfair advantage over the plaintiffs. Thus, Louise Sodman's legal representative was entitled only to the rents that had accrued at the time of her death and the parties to this appeal were entitled to all rents accruing thereafter in proportion to the interest they held in the property. *Lipschultz* v. *Robertson,* 407 Ill. 470.

The trial court in considering exceptions to the master's report arbitrarily reduced the sum of $4,500 due as rent to $3,000 by allowing $750 per year rent for the years 1955 to 1957. The evidence is unsatisfactory on the question of rental for the years 1955 to 1957. Plaintiffs allege that the defendants were holdover tenants, although they had refused the request of defendants to continue farming the land unless the rental was increased to $3,000 per year. When defendant Leona Koehler indicated that she would farm a certain 23 acres of the farm (which was approxi-

mately ⅔ of the whole,) there was little if any objection by plaintiffs. Under the circumstances of this particular case, and the uncertainty of the testimony, we are of the opinion that the record does not sustain either the master or the court as to rentals from 1955 to 1957. The only rental due is for the year 1954, in the sum of $1,500.

The last question presented is whether the court erred in apportioning, among the parties, attorneys' fees of the plaintiffs as a part of the costs. The defendants contend that because the plaintiffs filed a complaint in a former suit including property which the parties did not own and omitting property which they did own, the defendants were warranted in employing their own counsel and the plaintiffs should be precluded from having their attorneys' fees apportioned under section 25 of the Partition Act. Ill. Rev. Stat. 1957, chap. 106, par. 68.

A copy of the original complaint is attached to the defendants' pleadings herein but the record fails to show any motion, answer, or other pleading questioning the accuracy of the first complaint. There is no showing of any affirmative action on the part of the defendants, but, on the contrary, the prior complaint was dismissed by plaintiffs on their own motion. Under such circumstances, the fact that the original complaint did not set out every interest properly will not bar apportionment of the plaintiffs' attorneys' fees. (*Dunshee* v. *Dunshee,* 179 Ill. App. 290; *Cashen* v. *Cashen,* 171 Ill. App. 101.) We are of the opinion that the defendants did not interpose a good and substantial defense to the present complaint and that the court properly apportioned plaintiffs' attorneys' fees as a cost of the suit.

The decrees and orders of the superior court of Cook County are affirmed in all respects except upon the question of rentals. The decree approving the master's report of distribution is reversed as to rentals, and the cause is remanded with directions that defendants be charged with

no rentals for the years 1955 to 1957, and that rental in the sum of $1,500 for the year 1954 be distributed: ⅐ thereof to plaintiff Adeline Getzelman, and ⅔ thereof to the defendants Leona and Theodore Koehler.

*Affirmed in part, and reversed in part and remanded, with directions.*