Victor Simon, Plaintiff-Appellee, v. Sarah Simon, Defendant-Appellant.

Gen. No. 48,621.

First District, Third Division.

July 9, 1962.

Jerome Berkson, of Chicago (Edward Whitefield, of counsel), for appellant.

Nathan Shefner, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by Sarah Simon, hereinafter referred to as the defendant, from a decree entered in the Circuit Court of Cook County. The decree resulted from an action brought by Victor Simon, hereinafter referred to as the plaintiff, against the defendant asking for dissolution of a partnership of a Chicago business, an accounting, and partition of certain real estate owned by the parties jointly and which is a part of the assets of the business. The appeal was first taken to the Supreme Court of Illinois and was transferred to this court.

It appears that the plaintiff and the defendant were married in 1935. In 1937 they formed a partnership known as Victor Auto Parts, which was located in Chicago, Illinois. They subsequently moved to Florida. While in Florida they had marital difficulties which ultimately resulted in a divorce decree being entered in the Circuit Court of Dade County, Florida, on June 27, 1958. On November 17, 1959, on a suit brought by the defendant the Circuit Court of Dade County entered a decree adjudicating the rights in the property owned by them.

On January 26, 1959 the plaintiff filed a complaint in the Circuit Court of Cook County to dissolve the Victor Auto Parts partnership and for an accounting and partition of certain real estate located in the City of Chicago. The defendant filed a counterclaim, setting up the Dade County decrees, and asking for a dissolution of the business of the parties and a partition of certain real estate, together with an accounting giving the defendant credit for certain monies expended by her. The matter was referred to a master in chancery for the purpose of taking evidence to determine the

respective rights of the parties in the business and property which they owned. The master found, among other things, that the defendant had made certain withdrawals of assets which should be charged against her share of the property and business on the dissolution thereof. The defendant filed objections to the master's report, which objections stood as exceptions and were overruled by the trial court.

The court on March 28, 1961 entered a decree. In the decree the court ordered that the master make a sale of the business and the real estate, that the defendant should be surcharged with certain monies unjustifiably withdrawn by her from the joint property of the parties, and that after the sale the net proceeds of the sale be brought into court to be divided between the parties. The decree further provided: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after report of sale is approved and confirmed, the cause is to be re-referred to said Master to take evidence with reference to attorneys' fees and taxing of costs and expenses and to file his report within 30 days after report of sale approved." The court did not make any finding in its decree or by order that there was "no just reason for delaying enforcement or appeal" as provided by section 50(2) of the Civil Practice Act. At the threshold of this case we are faced with the question of whether or not the decree as it stands is appealable.

Section 50(2) of the Civil Practice Act provides that any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action and is not appealable. In Getzelman v. Koehler, 14 Ill2d 396, 400, 152 NE2d 833, 835, the court says:

"In Ariola v. Nigro, 13 Ill2d 200, we stated that section 50(2) is applicable to a final judgment or

decree rendered in a multiple-claims action when the judgment or decree determines fewer than all the rights and liabilities in issue or fewer than all of the matters involved in the case. Applying this rule in Hanley v. Hanley, 13 Ill2d 209, we dismissed an appeal from a decree which resolved with finality the title to certain real estate based on the fact that there was an undisposed-of accounting issue and that there was no express finding by the court that there was no just reason for delaying appeal from the decree. In accordance with the views expressed in the Ariola and Hanley cases we hold that the partition decree of October 22, 1956, although final, was not appealable at that time because it determined fewer than all the rights and liabilities in issue and the trial court had not made the necessary express finding."

The same rule must apply to the instant case. The trial court has retained jurisdiction in order to determine additional issues before the court. In Weidler v. Westinghouse Electric Corp., et al., consolidated causes Nos. 48278, 48297, and 48298, opinion filed this day by this court, we say:

"Section 50(2) became effective January 1, 1956. The first cases arising under the statute were treated indulgently by the courts out of consideration to counsel who were unfamiliar with the new requirements. In the Ariola case (1958) the Supreme Court dismissed the appeal but said that *'particularly in the formative stages* of proceedings under section 50(2)' it would entertain a new appeal upon entry of the new judgment and an express finding that no just reason existed for delaying the appeal. This court, in O'Hara v. Carillo, 18 Ill App2d 106, 151 NE2d 449 (1958), likewise said:

103

" 'Should, however, the court below on the application of the appellant see fit to enter an order that no just reason exists for delaying the appeal, and if the appellant files a supplemental record in this court incorporating such order therein within thirty days from the date of the filing of this opinion, on appellant's motion this court will vacate the order dismissing the appeal and will decide the present appeal on the record as thus supplemented and the abstract and briefs heretofore filed herein.'

"Six and one-half years have elapsed since the effective date of the statute and we feel it is time to discontinue the procedure temporarily permitted in Ariola and O'Hara—a procedure which encourages appeals because the trial court invariably feels impelled to enter the order when invited to do so by the reviewing court. It must be presumed that attorneys are now familiar with the provisions of the statute and with the decisions interpreting them. If the past procedure is further approved it will soon become routine practice; what was thought to be temporary will have become permanently imbedded in our case law, the statute will become meaningless and one of its primary purposes nullified."

The decree entered in the instant case is not appealable under the provisions of section 50(2). The case is still pending in the trial court and this appeal must be dismissed.

Appeal dismissed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.