Barbara L. Coats, Plaintiff-Appellant, v. Richard E. Coats, Richard Bray, Clyde Savings & Loan Association and Naperville Truck Sales, Inc., an Illinois Corporation, and Curran Oil Company, Inc., Defendants-Appellees.

Gen. No. 67–91.

Second District.

February 9, 1968.

Nathan Shefner, of Chicago, for appellant.

Neuendorf and Nickels, of Sandwich, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Barbara L. Coats, brought this action for partition against her former husband, Richard E. Coats, and others having an interest in the premises in question.

A decree for partition was entered on August 22, 1966. The commissioner appointed by the decree filed his report, and a decree for sale was then entered on September 13, 1966. One of the defendants then filed a motion to

postpone the sale on the ground that a certain judgment creditor had not been made a party to the suit. This motion was granted and the creditor was made an additional party defendant.

On December 12, 1966, a supplemental decree for sale was entered. This decree, prepared by counsel for plaintiff, directed that the property be sold for at least two-thirds of the valuation ($32,500) placed on the premises by the commissioner, ". . . subject to the lien of first mortgage to Clyde Savings & Loan Association in the principal sum of $23,436.08 as to all of the above-described real estate; to lease and option agreement dated December 28, 1964, with Naperville Truck Sales, Inc., covering premises described in said lease; to judgment in favor of Curran Oil Company, Inc., and against Truman C. Barclay and Georgia Barclay in case No. 61–2490, Circuit Court of DuPage County, Illinois, entered May 8, 1962 for $6,307.52 and costs, which said judgment is a lien upon one-half of the above-described premises; and to lien for attorney's fees in favor of Nathan Shefner and against Richard E. Coats in the sum of $1,000.00 by virtue of decree for divorce entered in case No. 65–2234–G, to be payable out of the net proceeds apportioned to said Richard E. Coats by virtue of the sale herein ordered."

The premises were then offered for sale on January 23, 1967, subject to the terms of the supplemental decree. The plaintiff submitted the highest bid—the sum of $2,500. On February 10, 1967, prior to the filing of any report of sale, the defendant, Richard E. Coats, filed exceptions to the sale and asked that it be set aside and not confirmed for the reason, among others, that the decree was ambiguous to the extent that it hindered bidding at the sale.

On February 17, 1967, the Magistrate who conducted the sale filed his report, which stated what he had done

77

in furtherance of the decree for sale. Therein he recommended that the sale be set aside; that the decree for sale be vacated; and that a new and more detailed decree for sale be entered in that under the existing decree it was difficult, if not impossible, to determine the charges against the premises and, consequently, the amount which constituted a proper or desired bid.

The plaintiff filed exceptions to this report and asked that the court enter a decree confirming the sale of the premises to her. Thereafter, on May 31, 1967, the court entered an order vacating and setting aside the sale and ordering the plaintiff to file a second supplemental decree for sale. It is from this decree that the plaintiff has appealed.

As grounds for reversal, the plaintiff urges that the supplemental decree for sale entered on December 12, 1966, was a final decree not subject to collateral attack or vacation after thirty days from the date of its entry; that the magistrate in conducting this sale was acting in a purely ministerial capacity and had no right to make a report to the court which included recommendations of any nature; and that the trial court's order vacating and setting aside the sale of January 23, 1967, was arbitrary and an abuse of the court's discretion.

With reference to her first contention, the plaintiff cites section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 72) and a number of cases which hold that after thirty days from the entry of a final, appealable order, the court is without power to review or amend such order except for certain established reasons. The plaintiff also refers to the cases of Schuck v. Schuck, 413 Ill 390, 394, 395, 108 NE2d 905 (1952) and Rabe v. Rabe, 386 Ill 600, 604, 54 NE2d 518 (1944) for the proposition that a decree of partition, a decree ordering the sale of the premises, and a decree confirming the report of sale are final and appealable decrees which cannot later be

attacked by a party if not appealed from. Consequently, the plaintiff urges that any such decree could not be modified by the court after the expiration of thirty days from the date of its respective entry. (Ill Rev Stats 1965, c 110, par 68.1(3).)

In Getzelman v. Koehler, 14 Ill2d 396, 399–401, incl., 152 NE2d 833 (1958) the court determined this contention adverse to the plaintiffs. After referring to earlier decisions which held that the decree for partition was a final and appealable decree, it stated that consideration must be given to the effect of the subsequently enacted section 50(2) of the Civil Practice Act. (Ill Rev Stats 1965, c 110, par 50(2).) The Partition Act (Ill Rev Stats 1965, c 106) contains no provision relative to when a decree thereunder is final and appealable and, thus, as provided in section 28 thereof (Ill Rev Stats 1965, c 106, par 71) the provisions of the Civil Practice Act and the rules adopted pursuant thereto apply and are controlling.

Section 50(2) of the Civil Practice Act provided in part: "In the absence of that finding (an express finding that there is no reason for delaying enforcement or appeal), any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights, and liabilities of all the parties."

█ In Getzelman, the court held that consonant with its views expressed in Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792 (1958) and in Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787 (1958), a partition decree, under section 50(2), although final, was not appealable because it determined fewer than all of the rights and liabilities in issue. At page 400, the court stated: "A party, wishing

to appeal from a partition decree before disposition of an accounting or other issue, should move the trial court to make an express finding in its decree that there is no just reason for delaying appeal therefrom." This rationale also applies to a decree for sale and a decree confirming a report of sale. Thus, such decrees are subject to revision at any time before the entry of a judgment adjudicating all of the claims, rights and liabilities of all the parties. Present Supreme Court Rule 304 (Ill Rev Stats 1967, c 110A, par 304), effective January 1, 1967, supplants paragraph (2) of section 50 of the Civil Practice Act, but without any change of substance.

██ In the case at bar, the trial court had not yet confirmed the sale nor approved an accounting of the proceeds of the sale. Thus, it retained the power to revise its supplemental decree for sale entered on December 12, 1966, and the parties to the proceeding had the right to seek such a revision. Getzelman v. Koehler, supra; Calumet Federal Savings & Loan Ass'n of Chicago v. Markman, 50 Ill App2d 430, 438, 200 NE2d 419 (1964). Until the court enters an order approving an accounting of the proceeds of the sale, fewer than all the rights and liabilities of the parties are adjudicated, and, absent a finding that there is no reason for delaying an appeal, the prior orders in the partition action are not appealable.

Paragraphs 5 and 7 of Article 6 of the Illinois Constitution, and Supreme Court Rule 301 (Ill Rev Stats 1967, c 110A, par 301) provide that every final judgment of a circuit court is appealable as a matter of right. Supreme Court Rules 306 and 307 permit appeals from orders granting a new trial and from other specified interlocutory orders, not pertinent in the case at bar. Thus, in the interest of judicial parsimony, this appeal could be dismissed without further comment.

However, upon approval of the sale held pursuant to the second supplemental decree, should the court

therein find that there was no reason for delaying appeal from such order, then the other errors herein presented could again come before us for determination. Getzelman v. Koehler, supra, 400. In the interest of forestalling such contingency, we will consider the other contentions urged by the plaintiff.

Whether the magistrate had the authority to recommend to the court that a new sale be held is immaterial. The pertinent issue for our determination is whether the court, having the power to revise its supplemental decree for sale, properly did so.

■ The court, being in fact the vendor, is accorded a broad discretion with reference to the approval or rejection of the report of sale and in entering an order of resale when it deems such proper. Sauter v. Pickrum, 373 Ill 541, 544, 545, 26 NE2d 844 (1940). Also see: Ill Rev Stats 1965, c 106, par 61.

■ ■ In a partition suit, the sale is not executed or completed until it is specifically approved by the court. The language of cases which stresses the significance of giving stability to judicial sales which have reached the point where title has vested in the purchaser, and asserts that such sales cannot be set aside except for reasons of fraud or other gross misfeasance, is not applicable to the court's discretion to set aside a sale in a partition suit prior to confirmation of the sale by the court. Until a partition sale is confirmed by the court, the buyer has no interest in or title to the property. His bid is only an offer to buy, and the court, in its judicial discretion, may accept or reject such offer. Straus v. Anderson, 366 Ill 426, 431, 432, 9 NE2d 205 (1937).

The distinction between the discretion possessed by the court to set aside a sale not yet fully executed, and that vested in it in those cases where the judicial sale has in fact been fully executed, has often been recognized. People v. Schwartz, 397 Ill 279, 281–284, incl., 73 NE2d 279

(1947) ; Ryerson v. Apland, 378 Ill 472, 474–476, incl., 38 NE2d 712 (1942) ; Levy v. Broadway-Carmen Bldg. Corp., 366 Ill 279, 286–288, incl., 8 NE2d 671 (1937).

After reviewing the circumstances in the case at bar, the trial court exercised its discretion by ordering a second supplemental decree for sale and a resale of the premises. We cannot say that the court erred in exercising its discretion in this respect. The decree of December 12, 1966, provided that the premises should be sold subject to an existing first mortgage of a specified principal amount. It neither stated the interest due thereon, nor that the mentioned sum was the principal amount remaining due. It recited that the sale was to be subject to a certain lease and option, without specifying in any manner the nature or terms of the lease and option. It also provided that the sale was subject to a judgment lien against one-half of the premises in a certain principal amount; and that the sale was further subject to an attorney's lien, which was "to be payable out of the net proceeds apportioned to said Richard E. Coats by virtue of the sale herein ordered."

█ The trial court apparently believed that there was sufficient ambiguity or doubt raised by the language of its decree to discourage bidding, and to warrant the preparation of a new decree and a resale of the premises. Whether we would have made the same determination is immaterial. The trial court has a broad discretion in determining whether to approve or disapprove a report of sale. We may not disturb this discretion unless it is clearly abused. This rule operates as a two-edged sword, which commands that we must affirm a disapproval of a report of sale as well as affirm an approval of such report, unless the court has clearly abused the discretion with which it is vested. People v. Schwartz, supra, 284.

█ We fail to find any clear abuse of discretion in the action of the trial court which ordered that the sale

held on January 23, 1967, be vacated and set aside, and ordered that a second supplemental decree for sale be entered.

We recognize that the portion of this opinion which considered the merits of the appeal is dicta, yet it may serve as a guideline to preclude further and unnecessary litigation herein.

Appeal dismissed.

ABRAHAMSON, P. J. and MORAN, J., concur.