MILLEDGE S. DIXON *et al.*, Plaintiffs-Appellees, *v.* ANNETTE D. MOLLER, Defendant-Appellant.—(ROY MOLLER, Intervenor-Appellant, *v.* MILLEDGE S. DIXON *et al.*, Defendants-Appellees.)

(No. 74-404; ▮▮▮▮▮▮▮▮)

Fifth District—November 10, 1975.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Joel A. Kunin, of counsel), for appellants.

Geittmann and Foster, of Metropolis (E. Charles Geittmann, of counsel), for appellees.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Annette D. Moller and Roy Moller appeal an order of the trial court providing for the partition of real estate and affixing as a first lien upon the premises a $5000 right of homestead after payment of any mortgage liens in which the right of homestead had been waived by Roy Moller.

The facts necessary to dispose of this case are briefly stated as follows. Appellants are husband and wife. They purchased the premises in question as joint tenants on March 8, 1962. On January 8, 1962, the premises were mortgaged to Mercantile Mortgage Company. On November 22, 1967, the mortgage was purchased by plaintiffs-appellees, Milledge S. Dixon and Irene Dixon. On October 17, 1966, the City National Bank of Metropolis obtained a judgment against Roy Moller for $5052.99. Pursuant to an alias writ of execution the sheriff levied upon Roy Moller's one-half undivided interest in the premises in question on May 15, 1967. After the required notice an execution sale was held on June 7, 1967, at which plaintiffs purchased Roy Moller's interest for $4201. Following expiration of the time of redemption a sheriff's deed was issued to the purchasers. The entire proceeds of the sale went for partial satisfaction of judgment and costs. No issue regarding Roy Moller's right to homestead was raised in the judgment and execution

sale proceeding and no provision for payment of any homestead was made.

On July 22, 1968, plaintiffs filed a complain for partition against Annette D. Moller (and some others who assert various liens against the property). Defendant filed an answer and an affirmative defense in which she asserted that the premises were occupied by herself and her husband, Roy Moller, as a homestead and that they were entitled to a homestead exemption provided in section 1 of "An Act to exempt the homestead * * *" (Ill. Rev. Stat., ch. 52, par. 1); and further, that since Roy Moller's homestead was not recognized in the judgment and execution sale proceeding, that sale is void. Pursuant to a permissive order, Roy Moller filed his "Complaint in Intervention" in which he alleged that he was entitled to a homestead in the premises and that since the judgment and execution sale proceeding did not recognize his homestead interest that sale was void.

After a stipulation of facts and a consideration of briefs the trial court entered an order on August 30, 1974, directing partition of the premises and awarding a $5000 right of homestead in the premises to intervenor Roy Moller and affixing that right as a first lien upon the premises after payment of all mortgage liens in which the right of homestead was waived by Roy Moller. In their notice of appeal the defendant-appellant and intervenor-appellant ask this court to reverse the order of August 30, 1974. Further proceedings for partition sale (the premises were not subject to division), deed, distribution, etc., were stayed pending the outcome of this appeal.

We do not reach the merits of this appeal for the reason that this court does not have jurisdiction. The order of August 30, 1974, does not contain the finding required by Supreme Court Rule 304 (Ill. Rev. Stat., 110A, par. 304) that there is no just reason for delay of enforcement or appeal. This conclusion is compelled by *Getzelman v. Koehler*, 14 Ill.2d 396, 152 N.E.2d 833, in which the Supreme Court held that although a decree for partition was final, it is not appealable unless the court makes the findings required by section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)). Section 50(2) of the Civil Practice Act has been supplanted without substantial change by Supreme Court Rule 304 (Ill. Rev. Stat., ch. 110A, par. 304). The court stated:

> "In accordance with the views expressed in the *Ariola* and *Hanley* cases we hold that the partition decree of October 22, 1956, although final, was not appealable at that time because it determined fewer than all the rights and liabilities in issue and the trial court had not made the necessary express finding.
>
> It might be argued that since in partition cases the accounting

is controlled by the interests of the parties as found in the partition decree, immediate appeal should be allowed therefrom. The answer is simply that section 50(2) merely fixes the procedure for determining when an appeal may be taken. A party, wishing to appeal from a partition decree before disposition of an accounting or other issue, should move the trial court to make an express finding in its decree that there is no just reason for delaying appeal therefrom." (*Getzelman v. Koehler*, 14 Ill.2d 396, 400.) *Getzelman* has been followed in appeals from partition decrees in *Varney v. Yangas*, 24 Ill.App.3d 364, 321 N.E.2d 353; *Coats v. Coats*, 92 Ill.App.2d 75, 234 N.E.2d 86; and *Simon v. Simon*, 37 Ill.App.2d 100, 185 N.E.2d 111.

Appeal dismissed; cause remanded for further proceedings.

EBERSPACHER and CARTER, JJ., concur.