(No. 34619.—

MARIE B. HANLEY, Appellee, *vs.* EDWARD V. HANLEY, Appellant.

*Opinion filed March 20, 1958.*

CHESTER THOMSON, of Bloomington, for appellant.

ARLO E. BANE, of Bloomington, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of McLean County which, although resolving with finality the title to certain real property as between the plaintiff and defendant-counterclaimant, re-referred the cause to the mas-

ter to take evidence relative to an accounting between the parties. While the decisions of this court make it clear that the decree fixing the property rights of the parties is final and appealable, (See: *Barnhart* v. *Barnhart,* 415 Ill. 303; *Apple* v. *Apple,* 407 Ill. 464; *Altschuler* v. *Altschuler,* 399 Ill. 559,) it is equally clear that the decree appealed from adjudicates fewer than all the matters in controversy between the parties. The latter feature, in turn, poses the question of whether section 50(2) of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 50(2),) which went into effect January 1, 1956, applies so as to render the decree unappealable in the absence of an express finding by the trial court that there is no just reason for delaying appeal until all the claims, rights or liabilities are adjudicated.

An identical issue was presented in *Ariola* v. *Nigro, ante,* p. 200, considered and decided at this term of court, where the decree appealed from reserved jurisdiction in the trial court for the purpose of "ascertaining damages," as distinguished from an accounting. Adverting to the drafters' purpose of preventing piecemeal appeals and of affording litigants a procedure by which the finality of a judgment, decree or order could be ascertained in advance of appeal, we held that section 50(2) was intended to and did apply in that case. What was said there has equal application to the decree at hand, thus we adhere to the principles and rulings there laid down and adopt what was said as the reasoning in this opinion.

Accordingly, the appeal is dismissed under the same conditions as are set forth in *Ariola* v. *Nigro.*

*Appeal dismissed.*