Walter J. O'Hara, Appellee, v. Julio Carrillo et al., and F. & B. Manufacturing Company, Appellants. On Appeal of Julio Carrillo, Appellant.

**Gen. No. 47,335.**

First District, First Division.

June 9, 1958.

Released for publication July 18, 1958.

Lommen D. Eley, of Chicago, for Julio Carrillo, defendant-appellant.

John A. Brown, of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

Suit was brought by Walter J. O'Hara, hereafter referred to as plaintiff, against Julio Carrillo, John

Filko, Harold B. Rapp and F. & B. Manufacturing Company, a corporation, hereafter referred to as defendants. The amended complaint filed in the said suit asked for an injunction, the dissolution of a partnership alleged to exist between the plaintiff and defendant Carrillo, and an accounting. Answers were filed by the defendants to the amended complaint. The cause was referred to a master in chancery. Hearings were had and a report made by the master. Objections to the report were overruled and the report was filed. The objections stood as exceptions thereto, and after a hearing before the court the exceptions were overruled and the court confirmed the master's report. On June 7, 1957 the court entered an order which is in part as follows:

"And it appearing from the record herein that said cause being at issue it was by this Court referred to Master in Chancery L. A. Wescott, Esq., to take the testimony of the parties thereto, and to determine the question of the right of the complainant to an accounting from the defendant, and that the Master should upon the hearing determine all questions of law and fact under said order of reference.

"That said Master, following the said order of reference, did proceed to hear the testimony of the various witnesses and, on the conclusion of the plaintiff's testimony, the defendant moved for a finding in his favor, and a dismissal of the said amended complaint.

"That the Master found:

"1. . . .

"2. That in 1936 the Plaintiff O'Hara and the Defendant Julio Carrillo became associated in business ventures and as was found by the Supreme Court, these ventures were joint, and they intended to be, and were, equal partners, and engaged in many activities to make money, though there was never a written partnership agreement.

107

"3. I further find that the motion of the Defendant to dismiss at the close of Plaintiff's case should be denied, as the Plaintiff has made out a case and should be entitled to have a determination of his rights and interests and the income and outgo of property involved in the partnership undertakings.

"That said motion was taken into consideration by said Master, who made his report in which he denied the said motion of the defendant, and the defendant having filed his written objections to said Master's report and rulings, caused the said objections to stand as exceptions thereto, and said exceptions were set for hearing before the Chancellor, who, upon the hearing of said exceptions, denied the same, confirmed the report of the Master, and ordered the Master to proceed in accordance with the original order of reference as heretofore set forth.

"That thereafter said parties appeared before the Master on said questions as to the right of plaintiff to an accounting from the defendant, and upon the conclusion of said hearings, the Master again made his findings of law and fact, to which the defendant filed his objections thereto, and his motion to dismiss.

"That the Master overruled and denied defendant's motion, and said objections stood as exceptions before this Court which, on said exceptions and motion, the Master [sic] heard the arguments of the counsel for the respective parties, and this Court overrules said objections, find that the plaintiff is entitled to an accounting from said defendant, denies defendant's motion to dismiss, sustained said Master's second report, and orders that said cause should be re-referred to said Master Wescott to hear the testimony of the parties, and to state an account thereon, and which order of reference is hereby made.

108

"That said account should be taken of the dealings plaintiff and defendant conducted in the name of the Automotive Export Association (1936) Incorporated, from 1936 when they became associated until the present time . . . [There is included details of the specific items concerning which the accounting should be taken.]"

This appeal is taken by Julio Carrillo from that order.

The plaintiff, appellee in this court, filed a motion to dismiss the appeal on the ground that the above order was not a final and appealable order. This court on December 11, 1957 overruled the motion. The appellee again raises the same motion in his brief, basing it upon the ground that the appellant had failed to comply with the requirement of section 50 (2) of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 50 (2)), in that there was no express finding in the order that there is no just reason for delaying enforcement or appeal. Since the time the motion was overruled in this court the Supreme Court has handed down three decisions concerning the interpretation and application of section 50 (2) of the Practice Act: Ariola v. Nigro, 13 Ill.2d 200; Hanley v. Hanley, 13 Ill.2d 209; Smith v. Hodge, 13 Ill.2d 197. Under the interpretation of the statute contained in those cases the order appealed from here was not a final and appealable order. The appeal should be dismissed.

Should, however, the court below on the application of the appellant see fit to enter an order that no just reason exists for delaying the appeal, and if the appellant files a supplemental record in this court incorporating such order therein within thirty days from the date of the filing of this opinion, on appellant's motion this court will vacate the order dismissing the appeal and will decide the present appeal on the record

109

as thus supplemented and the abstract and briefs heretofore filed herein.

Appeal dismissed.

SCHWARTZ, P. J. and ROBSON, J., concur.