George D. Brodsky, Plaintiff-Appellee, v. Bella R. Brodsky, Defendant-Appellee.
Appeal of People of the State of Illinois, Intervenor-Appellant.

Gen. No. 47,585.

First District, Third Division.

February 27, 1959.

Released for publication March 20, 1959.

Benjamin Adamowski, State's Attorney (Francis X. Riley, James J. Glasser, Assistant State's Attorneys, of counsel) for intervenor-appellant.

Friedman, Friedman, Teed & Armstrong, of Chicago (Sol R. Friedman, I. S. Friedman, of counsel) for plaintiff-appellee.

JUSTICE BURKE delivered the opinion of the court.

On October 19, 1956, a decree for divorce on the ground of desertion was entered. The decree directed that plaintiff pay the defendant $130 per week as alimony and awarded the custody of their minor child to the plaintiff. On December 11, 1956, Walter Rubinson, a brother of the defendant, filed a petition to vacate the decree. The allegations of the petition, if proved, would require the court to vacate the decree on the ground of fraud. One of the allegations is that the attorney who appeared for the defendant was procured by the plaintiff. The plaintiff filed a motion to dismiss, or in the alternative, to strike certain paragraphs of the petition. On June 27, 1958, Rubinson filed a further petition in which he asked the court to appoint a next friend to prosecute the petition theretofore filed. On July 1, 1958, the chancellor appointed C. Hilding Anderson guardian *ad litem* for the defendant. Mr. Anderson adopts and reiterates the charges of fraud in procuring the decree. On behalf of the defendant he filed a petition praying that the

decree be vacated, for separate maintenance and other relief.

On July 1, 1958, the State's Attorney filed a petition with allegations of fact from which he concludes that the decree was procured by a fraud through concealment of facts and perjured testimony. He prays that the decree be vacated and that the complaint be dismissed. On the same day the chancellor entered an order reciting that "upon the petition of the People" and "the court being duly advised in the premises, it is ordered that the petition be and is hereby denied." The People of the State of Illinois, by the State's Attorney, appeal from the latter order and pray that it be reversed and that the cause be remanded with instructions to proceed according to law.

The plaintiff moves to dismiss the appeal under the provisions of Sec. 50(2) of the Civil Practice Act [Ill. Rev. Stats. ch. 110] that if multiple parties or multiple claims for relief are involved in an action, the court may enter a final order or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. The appellant did not move for a finding that there is no just reason for delaying enforcement or appeal. Petitions to vacate the decree by defendant's brother and by the guardian *ad litem* are pending. It is not clear from the order entered on July 1, 1958, whether the chancellor denied the petition of the People because he did not feel that the latter should intervene or for some other reason. The petition by the State's Attorney in behalf of the People does not ask for leave to intervene. The petition assumes that the State's Attorney, acting for the People, has a right to intervene. The petition is brought by the State's Attorney in behalf of the People under Sec. 72 of the Civil Practice Act [Ill. Rev. Stats. ch. 110]. It is manifest that the order of July

589

1, 1958, does not adjudicate the rights and liabilities of all the parties and does not terminate the litigation. See Ariola v. Nigro, 13 Ill.2d 200; Hanley v. Hanley, 13 Ill.2d 209; Biagi v. Gregory, 19 Ill.App.2d 534. Under Sec. 50(2) of the Civil Practice Act the order of July 1, 1958, is not appealable and is subject to revision at any time before the entry of a final decree adjudicating all the claims, rights and liabilities of the parties. Therefore the appeal is dismissed.

Appeal dismissed.

FRIEND, P. J. and BRYANT J., concur.