Hilmond O. Vogel, Plaintiff-Appellee, v. Anna Koster Melish, as Executor of the Estate of Frank Koster, Deceased, and Individually; Berthold Joseph Hillebrand, Trustee, Frank Edmond Koster, a Minor, and Jack Ernst Koster, a Minor, Defendants, Anna Koster Melish, as Executor of the Estate of Frank Koster, Deceased, and Individually, Defendant-Appellant.

Gen. No. 48,662.

First District, Third Division.

October 10, 1962.

 

George T. Spensley, of Chicago, for appellant.

Morgan, Halligan & Lanoff, of Chicago (Edwin A. Halligan and Samuel M. Lanoff, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Hilmond Vogel, and Frank Koster were the principal owners of the Vogel Tool and Die Corporation. In 1954 they executed an agreement concerning their shares in the corporation. The agreement provided that if either should wish to dispose of his shares an offer to sell should first be made to the other. In 1958 Koster died. In his will he created a trust for the benefit of his widow and two sons and, for this purpose, he bequeathed his Vogel Corporation stock to the defendant, Berthold Hillebrand, as trustee. He named his widow, who is now Anna Koster Melish, as his executor. In 1960 Mrs. Melish claimed certain shares of the stock in payment of her widow's award. The trustee disputed her right to the shares.

The plaintiff filed this action for declaratory judgment seeking to determine the status of the agreement. He named as defendants the trustee, the two minor sons of the deceased and the widow, both individually and as executor. Mrs. Melish answered and denied Vogel's interpretation of the contract and, among other things, asserted that the dispute between her and the trustee was the exclusive jurisdiction of

the Probate Court. The trustee not only answered but filed a counterclaim against both Vogel and Mrs. Melish. The plaintiff answered the counterclaim. Mrs. Melish did not.

The court found that the agreement terminated on the death of Frank Koster and that the transfer of his shares to his executor did not give Hilmond Vogel the right to purchase those shares. Mrs. Melish presented a petition to vacate the declaratory judgment and asked for other relief. Another motion was made to file an amended petition to vacate which was denied. Mrs. Melish appeals from this order and from the judgment.

■ As far as the record before us discloses the first motion to vacate the declaratory judgment was not ruled upon, nor were those portions of the motion praying for other relief. By taking this appeal the appellant has abandoned her motion. Corwin v. Rheims, 390 Ill 205, 61 NE2d 40; Marks v. Pope, 370 Ill 597, 19 NE2d 616; McCoy v. Acme Automatic Printing Co., 278 Ill 276, 115 NE 1032.

The case, however, involves multiple parties and multiple claims for relief. It, therefore, comes under the following provision of the Civil Practice Act:

"(2) If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order,

473

judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill Rev Stats (1959), ch 110, sec 50(2).

█ A counterclaim was filed and issues raised by it and joined by the plaintiff's answer remain unresolved. No answer was made to the counterclaim by Mrs. Melish, a counter-defendant, and no action has been taken on her default. Under these circumstances the appeal could not be taken without the trial court entering an order finding that there was no just reason for delaying the appeal.

██ Such an order should not be entered routinely. Section 50(2) was enacted for two principal purposes, (1) to discourage piecemeal appeals and (2) to remove the uncertainty as to the right and time to appeal which theretofore existed when a final judgment was entered on less than all of the matters in controversy. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787. A trial judge should keep the first of these purposes in mind when requested to make the express finding that there is no just reason for delaying appeal. As the practice has developed the certification is expected to be entered for the asking, whereas in reality it is a matter calling for the careful exercise of the court's discretion.

The judgment entered in this case is not final and appealable under the provisions of section 50(2). The case is still pending in the trial court and the appeal will be dismissed. See Weidler v. Westinghouse Electric Corp., 37 Ill App2d 95, 185 NE2d 100.

Appeal dismissed.

SCHWARTZ and McCORMICK, JJ., concur.