**American Savings and Accounting Supply, Inc., a Delaware Corporation, Plaintiff-Appellant, v. Francis George Steinhauer, Defendant-Appellee.**

Gen. No. 48,873.

First District, Third Division.

March 27, 1963.

John B. Angelo, of Chicago (Milliken, Vollers & Parsons, of counsel), for appellant.

William T. Regas, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Suit was brought in equity in the Circuit Court of Cook County by American Savings and Accounting Supply, Inc. against Francis George Steinhauer.

In the complaint the plaintiff alleged that the defendant, while employed by the plaintiff, secretly started and operated his own business in competition with that of the plaintiff; that he took forms which were developed and used by the plaintiff, together with gummed labels; that he obtained the plaintiff's customer lists and used those to solicit customers for his own company; that he sought to use, through plaintiff's suppliers, dies to prepare forms and supplies for his company; that he mailed to plaintiff's customers less than half of the promotional material he had mailed in the previous period, thereby damaging plaintiff's sales efforts; and that upon his discharge he attempted to destroy promotional material which he had been preparing for plaintiff. The plaintiff further alleges that "as a result of the foregoing conduct of Steinhauer, Accounting has lost substantial amounts of sales, and has lost the gross profits therefrom in the total amount of $24,000 and will continue to lose substantial amounts of sales and gross profits therefrom." In the prayer the plaintiff asks that a decree be entered ordering "(a) That the defendant Francis George Steinhauer, be permanently restrained from engaging in the business of selling business forms and supplies to savings and loan associations, whether for himself directly or for another, and either directly or indirectly, for a period of two (2) years from and after the entry of the decree," and "(b) Adjudging damages in the sum of $24,000 against Francis George Steinhauer and in favor of American Savings and Accounting Supply, Inc."

The defendant filed a motion to dismiss or to strike the complaint on the grounds that the complaint did not allege a cause of action sufficient to confer equitable jurisdiction; that the allegation of fiduciary duty

38

was a conclusion; that there was no allegation in the complaint that the customer lists were secret or confidential; that the plaintiff failed to allege irreparable injury if an injunction is not granted; that the complaint failed to show that the defendant was prohibited by an express agreement from using the material after the termination of his employment; and that the complaint failed to allege that the plaintiff was the owner of the materials or that the materials were a trade secret or copyrighted.

The trial court on March 20, 1962 entered an order finding "that the complaint shows no grounds for equitable jurisdiction," and ordering that "subparagraph (a) of the prayer for relief in the complaint praying for an injunction be and hereby is stricken without leave to amend, the plaintiff having elected to stand on the complaint," and that "the above entitled cause be and the same is hereby transferred to the executive committee for reassignment to the law division for lack of equity." The plaintiff takes this appeal from that order.

The defendant in this court filed a motion to dismiss the appeal, which motion was taken with the case. The defendant contends that the order is not a final and appealable order and it does not comply with section 50(2) of the Civil Practice Act (Ill Rev Stats, c 110, § 50(2)). Both parties agree that there is no question involved with reference to an interlocutory appeal.

Section 77 of the Practice Act provides that appeals shall lie to review "the final judgments, orders or decrees" of the various enumerated courts. Section 50(2) of the Practice Act became effective January 1, 1956, and provides as follows:

"If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or

39

more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

In Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787 (1958), the plaintiffs and defendants were adjoining land owners and were adversaries in a complaint and counterclaim for injunctive relief and the recovery of damages from one another. The trial court's decree denied both parties the injunctive relief which they sought but retained jurisdiction for the purpose of awarding damages to plaintiffs growing out of the defendants' interference with an easement over defendants' premises, and re-referred the case to a master for the purpose of ascertaining damages. The Supreme Court held that the decree was not final and appealable in the absence of an express finding by the trial court under the provisions of section 50(2) that there is no just reason for delaying appeal. In Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792, the court held that where the trial court's decree resolved with finality the title to certain real property as between the parties but re-referred the case to the master for the purpose of taking evidence relative to an accounting between them the decree is not appealable without compliance with the provisions of section 50(2). In the Ariola case the court pointed out that the legislative intent in passing the law was to discourage piecemeal appeals and to remedy the uncertainty which existed when a final judgment was en-

tered on less than all of the matters in controversy. In the Ariola case, as well as in the Hanley case, the court dismissed the appeal but provided that if the trial court would enter a judgment with an express finding that no just reason exists for delaying the appeal, and if the parties should again appeal from that judgment, the court would not require the parties to reprint their briefs but would decide the case on the record so supplemented. In O'Hara v. Carrillo, 18 Ill App2d 106, 151 NE2d 449 (1958), we laid down substantially the same rule as was applied in the Ariola case.

In Peterson v. Gwin, 17 Ill2d 261, 161 NE2d 123, the defendant appealed from orders dismissing count two of the second amended counterclaim for failure to state a cause of action and denying the defendant's application for leave to file a third amended counterclaim. The Supreme Court dismissed the appeal on the ground that there were multiple claims for relief in the action and the order did not contain the required express finding prescribed in section 50(2). See also Getzelman v. Koehler, 14 Ill2d 396, 400, 152 NE2d 833, 835. There are many cases in the Appellate Court in which appeals have been dismissed because the judgment or order appealed from was not final. See Vogel v. Melish, 37 Ill App2d 471, 185 NE2d 724; Krambeer v. Canning, 33 Ill App2d 208, 178 NE2d 147.

The plaintiff here argues that under our holding in Oppenheimer Bros., Inc. v. Joyce & Co., 17 Ill App2d 408, 150 NE2d 381, the appeal should not be dismissed. In that case the trial court entered a decree as to certain of the issues involved, and as to certain other issues the court transferred the cause to the law side of the court. In its order the court imposed all costs, including master's fees, on plaintiffs, and directed "that execution issue therefor." We held that because of this language the trial court must have determined that the order was final and that there was

no just reason for delaying enforcement or appeal. That case was decided in 1958, very shortly after the decision in the Ariola case. In that case we reached the high water mark in refusing to dismiss the appeal. See Cannon v. Thompson, 28 Ill App2d 69, 170 NE2d 174. In the case before us no language comparable to the language used in the Oppenheimer case appears in the order. In Simon v. Simon, 37 Ill App2d 100, 185 NE2d 111, where the appeal was dismissed, we cited and quoted from Weidler v. Westinghouse Elec. Corp., 37 Ill App2d 95, 185 NE2d 100, stating:

"Section 50(2) became effective January 1, 1956. The first cases arising under the statute were treated indulgently by the courts out of consideration to counsel who were unfamiliar with the new requirements. In the Ariola case (1958) the Supreme Court dismissed the appeal but said that *'particularly in the formative stages* of proceedings under section 50(2)'* it would entertain a new appeal upon entry of the new judgment and an express finding that no just reason existed for delaying the appeal. . . .

"Six and one-half years have elapsed since the effective date of the statute and we feel it is time to discontinue the procedure temporarily permitted in Ariola and O'Hara—a procedure which encourages appeals because the trial court invariably feels impelled to enter the order when invited to do so by the reviewing court. It must be presumed that attorneys are now familiar with the provisions of the statute and with the decisions interpreting them. If the past procedure is further approved it will soon become routine practice; what was thought to be temporary will have become permanently imbedded in our case law, the statute will become meaningless and one of its primary purposes nullified."

The same statement would be applicable to the decision in the Oppenheimer case. In La Vida, Inc. v. Robbins, 33 Ill App2d 243, 178 NE2d 412, the court said:

> "The order appealed from is interlocutory. The controversy presently remains undetermined. No one has won or lost. With the judgment set aside there still remains the complaint. This piece of litigation, far from being over, has just begun. . . ."

In the case before us the order which was entered left the cause of action still alive and in the trial court. Counsel argues that the complaint did not state a cause of action in law. That is something which at the present time we need not determine. If we decided the present appeal on the merits and held that the court had no right to transfer the case to the law side of the court, the plaintiff could ask the trial court to revise its order and permit an amendment of the complaint. The fact that at the time when the court ordered a part of its complaint stricken the plaintiff stood on its complaint has no meaning, and would have no meaning until a final judgment was entered by the court. In section 50(2) it is stated that in the absence of the finding that there is no reason for delaying enforcement or appeal, any order, judgment or decree which does not dispose of all of the claims and liabilities of all of the parties involved in the lawsuit is subject to revision at any time before the entry of an order or judgment which does make such disposition.

The motion to dismiss the appeal is allowed, and accordingly the appeal is dismissed.

Appeal dismissed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.