**Barbara Micelli, Appellee, v. John Anthony Micelli, Appellant.**

**Gen. No. 49,063.**

First District, Third Division.

December 20, 1963.

Arthur S. Gomberg and Alexander O. Walter, of Chicago (Samuel Nineberg, of counsel) for appellant.

Joseph H. and Norman Becker and Harry G. Fins, all of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from orders of the Superior Court of Cook County awarding temporary alimony and child support to Barbara Micelli, hereinafter referred to as the plaintiff. On December 10, 1962 plaintiff filed a complaint for separate maintenance alleging, among other things, that the parties were married on September 27, 1962; that a child, Jennifer Lynn, was born of the marriage; that the parties separated on November 9, 1962 through no fault of the plaintiff. The complaint further alleges that John Micelli, hereinafter referred to as the defendant, was guilty of cruel and inhuman treatment and of non-support, and that he wilfully deserted plaintiff on November 9, 1962. Plaintiff contended that defendant was in receipt of substantial income, and prayed for temporary alimony and child support and also for attorney's fees.

The plaintiff filed a motion asking for temporary alimony, child support and attorney's fees, and served a notice of the filing of said motion upon the defendant. On the same day, December 14, 1962, the trial court entered an order that the defendant pay $30 a week to the plaintiff for temporary alimony and child support, and that he pay the rent for the apartment occupied by the plaintiff. The order further provided that the matter of temporary attorney's fees is reserved for the future consideration of the court.

Defendant filed his answer to the complaint on December 21, 1962. In that answer he alleged that it was "possible and probable" that he was not the father of the child Jennifer Lynn. He denied all the material grounds alleged in the complaint. On December 26th defendant filed a sworn petition asking the court to set aside the alimony and support order of December 14, 1962, or, in the alternative, to modify the order. Among other things it was alleged in the petition that the monthly rental of plaintiff's apartment was $115

160

and that this amount, combined with the $30 per week alimony and support ordered by the court, was an intolerable financial burden in the light of his earnings, which he alleged to be $70 per week gross, and that under the order of the court the defendant would have less than $10 per month for his own livelihood. The defendant also filed an affidavit stating that he had found it impossible to comply with the order of the court and that a friend of his, one DeFily, had loaned the defendant $115 a month to pay the sums of money ordered by the court. An affidavit of DeFily to the same effect was also filed.

On December 26, 1962 the court entered an order reciting that both parties were present in open court with their respective counsel, "and the court having heard arguments of respective counsel, and the court having been fully advised, and it appearing to the court that defendant has testified that his net take-home pay as an apprentice barber is in the sum of $53.57 as shown in the accountant's payroll record exhibited in open court; and that in addition thereto he makes an average of $5 per week as tips in a neighborhood barber shop, and the court indicating his belief that the tips average $10 per week," and it was ordered that the previous order of December 14th should be modified so that the defendant should pay the plaintiff for temporary alimony and child support $25 per week and should pay the rental for plaintiff's apartment of $115 per month.

The defendant appeals both from the order of December 14, 1962 and the order of December 26, 1962, and in this court urges that the said orders be reversed or in the alternative that they be reversed and the cause remanded with directions that the trial court enter an appropriate order modifying the amount of alimony and child support.

161

■ In this court the plaintiff contends that the orders from which the appeal is prosecuted are not appealable by virtue of section 50(2) of the Illinois Civil Practice Act (Ill Rev Stats c 110, § 50(2)). Section 50(2) provides as follows:

"If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree *which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties* does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." (Italics ours.)

This section of the statute, which became effective January 1, 1956, has been fully interpreted in several cases in the Illinois Supreme Court. The leading case is Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787 (opinion filed March 20, 1958). Also see Smith v. Hodge, 13 Ill2d 197, 148 NE2d 793; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Peterson v. Gwin, 17 Ill2d 261, 161 NE2d 123; O'Hara v. Carrillo, 18 Ill App2d 106, 151 NE2d 449; Hawthorn-Melody Farms Dairy, Inc., v. Elgin, J. & E. Ry. Co., 18 Ill App2d 154, 151 NE2d 393; Brodsky v. Brodsky, 20 Ill App2d 587, 156 NE2d 608; Henson v. Renshaw, 25 Ill App2d 178, 166 NE2d 166; Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534; Brenner v. Neu, 26 Ill App2d 319, 168 NE2d 449; Cannon v. Thompson, 28 Ill App2d 69, 170 NE2d 174; Barrow v. Robinson, 28 Ill App2d 358, 171 NE2d 663; McGee v. McGee, 36 Ill App2d 105, 183

162

NE2d 545; Weidler v. Westinghouse Elec. Corp., 37 Ill App2d 95, 185 NE2d 100; Simon v. Simon, 37 Ill App2d 100, 185 NE2d 111; Vogel v. Melish, 37 Ill App2d 471, 185 NE2d 724; Neukranz v. Neukranz, 38 Ill App2d 89, 186 NE2d 114.

In the instant case no order was entered in the trial court that there was no just reason for delaying enforcement or appeal.

The action in the case before us is one of separate maintenance. It is a purely statutory action and was unknown to the common law. Plotnitsky v. Plotnitsky, 241 Ill App 166; Reifschneider v. Reifschneider, 144 Ill App 119, affirmed 241 Ill 92, 89 NE 255. Paragraphs 22, 23 and 23.2 of chapter 68 deal with the action of separate maintenance. Paragraph 22 provides that the court may allow "temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of divorce." Paragraph 23.2 provides that the process, practice and proceedings shall be the same as provided for in the Divorce Act. The Divorce Act is chapter 40 of the Illinois Revised Statutes. Section 6 (par 7) of that Act provides that the process, practice and proceedings under the Act shall be the same as in other civil cases except as otherwise provided by this Act or by any law or rule of court. Section 15 (par 16) provides that the court may require the payment of temporary alimony either by the wife or the husband during the pendency of the suit. It further provides that the court may in its discretion reserve the question of allowance of attorney's fees and suit money until the final hearing of the case. The section also provides: "Whoever wilfully refuses to comply with the court's order to pay alimony during the pendency of the suit or attorney's fees and suit money, may be declared by the court in contempt of the court and punished therefor, provided, that no alimony shall accrue during the period in

163

which a party is imprisoned for failure to comply with the court's order."

The question that this court must determine is whether or not, under these provisions of the Divorce Act and Separate Maintenance Act, section 50(2) of the Practice Act is applicable, and whether an aggrieved party can appeal an order allowing temporary alimony without having the order state, in accordance with the statute, that there is no just reason for delaying enforcement or appeal.

In the instant case the court in its order allowing alimony did not adjudicate all of the claims in the case. By virtue of paragraph 23.2 of chapter 68 dealing with separate maintenance the practice and proceedings are the same as provided for in the Divorce Act. Under section 6 of the Divorce Act (chap 40, par 7) it is provided that the practice and proceedings shall be the same as in other civil cases except as it is otherwise provided for in the Act or by rule of court. The Divorce Act, as well as the Separate Maintenance Act, specifically provides that the Court may allow temporary alimony and that the court has the right in its discretion to reserve the question of the allowance of attorney's fees until the final hearing of the case. The Divorce Act, which is applicable to proceedings brought in separate maintenance, also specifically provides that when any person against whom a court order has been entered to pay temporary alimony fails to make such payments the order may be enforced by contempt proceedings. In other words, the temporary alimony order of the court is specifically made enforceable. Section 50(2) provides that in the ordinary case where there are multiple claims and fewer than all claims are decided by the judgment or order of the court, such judgment or order is not either enforceable or appealable unless it contains the required finding. Under the provisions of the Divorce

164

Act the order is enforceable, and enforceability by necessary implication carries with it the right of appeal in spite of the provisions of section 50(2) which in the opinion of this court are not applicable here. Such an order is appealable. No case has heretofore specifically decided that question. Plaintiff in her brief has cited Simon v. Simon, 37 Ill App2d 100, 185 NE2d 111, and Neukranz v. Neukranz, 38 Ill App2d 89, 186 NE2d 114. The Simon case did not involve a construction of the Divorce Act. In the Neukranz case the appeal was taken from an order entered in the trial court where the court stated it was not ruling as to arrears in child support and attorney's fees, and the Appellate Court held that the order was not appealable under section 50(2). In Kovac v. Kovac, 26 Ill App2d 29, 167 NE2d 281, an appeal was taken from a decree of divorce. The decree provided that other questions raised by the pleadings are still pending but states that the decree is final and appealable and there is no reason for delaying enforcement. In that case the defendant argued that the court erred in denying temporary alimony and support money in the decretal order. The court said it has no right to consider that question because the defendant's notice of appeal was limited to the granting of the divorce and the dismissal of the counterclaim. Any further statement in the opinion is dictum. None of these cases are applicable.

■ ■ In determining what the allowance for temporary alimony should be the court has two matters to consider: the necessity of the wife and the financial ability of the husband to make the payments. The amount allowed is ordinarily within the sound discretion of the court. See Low v. Low, 133 Ill App 613; Goldstine v. Goldstine, 25 Ill App2d 319, 167 NE2d 30; Harding v. Harding, 144 Ill 588, 32 NE 206, and Holmstedt v. Holmstedt, 383 Ill 290, 49 NE2d 25. Ross v.

Ross, 177 Ill App 542, holds that an order to pay temporary alimony must be based on a showing that the financial ability and circumstances of the husband are such that he can pay the alimony he is ordered to pay.

In the order entered in the instant case the court states as its finding that the defendant's net weekly take-home pay was $53.57 plus $5 per week as tips. The court stated it thought the tips would average $10 a week instead of $5. If the defendant's tips averaged only $5 a week, his total weekly income would be $58.57. Under the order for alimony and support and the payment of rent he would have for his living expenses approximately the sum of $7.04 a week. If the court's assumption that his tips were $10 were correct, it would mean that the defendant would have for his living expenses approximately the sum of $12.04 a week. The allowance of alimony and support money in our opinion was an abuse of the court's discretion.

The orders of the Superior Court of Cook County are reversed and the cause is remanded with directions for the court to hold a hearing and enter an order with reference to temporary alimony and support money which should be paid by the defendant.

Reversed and remanded with directions.

SCHWARTZ, P. J. and DEMPSEY, J., concur.