Central Wisconsin Motor Transport Company, an Illinois Corporation, Plaintiff-Appellant, v. Sam Levin, Defendant-Appellee.

Gen. No. 50,435.

First District, First Division.

January 7, 1966.

Peter V. Fazio, Edward Atlas, and Harry G. Fins, all of Chicago, for appellant.

Altheimer, Gray, Naiburg, Strasburger & Lawton, of Chicago (Lionel G. Gross, David V. Kahn, Howard L. Kastel and Roger B. Harris, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal in which plaintiff asserts the trial court committed error in making the finding that "there is no just reason for delaying the enforcement or appeal of this order" under section 50(2) of the Civil Practice Act, upon the motion of the *winning party* and over the objection of the *losing party*. Plaintiff also contends that this is a single claim action, to which section 50(2) does not apply.

Plaintiff filed a one-count amended and supplemental complaint, seeking (a) specific performance, and (b) damages for the alleged breach by defendant of an agreement wherein plaintiff agreed to purchase and defendant agreed to sell a tract of land owned by defendant, intended by plaintiff for truck terminal purposes. The trial court struck the paragraphs pertaining to specific performance and transferred the issue as to damages to the law side of the case, still pending in the Circuit Court of Cook County.

The order was entered on November 30, 1964, and, in part, is as follows:

> "A. All allegations in the body of plaintiff's Amended and Supplemental Complaint as further Amended pertaining to plaintiff's alleged cause of action for specific performance in equity, namely paragraphs 14, 16, 17 and 18, and all paragraphs of the prayer for relief of plaintiff's Amended and Supplemental Complaint as further Amended pertaining to relief grantable only by a court of equity,

385

namely paragraphs (a), (b), (c), and (e), be and they are hereby stricken.

"B. Defendant shall answer or otherwise plead to the remaining portions of plaintiff's Amended and Supplemental Complaint as further Amended setting forth an alleged cause of action at law within thirty (30) days from the entry of this order.

"C. This cause be and it is hereby transferred from the equity docket to the law docket."

Subsequently, on December 11, 1964, defendant presented a motion, under oath, which requested the modification of the order of November 30, 1964, by making "a finding to the effect that there is no just reason for delaying the appeal of the order," and also dismissing "for want of equity" those paragraphs which referred to "plaintiff's alleged cause of action for specific performance of the agreement of March 4, 1959."

Defendant's motion for a modification included the following allegations:

"8. Defendant has an opportunity to sell the real estate that is the subject matter of this litigation. The consequence of the court's refusal to enter an appealable order on November 30, 1964 is that defendant cannot sell said real estate for a period of. from four to seven years. Any Title Policy to be issued pursuant to said sale will be issued subject to rights of appeal in the instant case. The instant case may well not be decided in the trial court until four to seven years from this date when the action for damages is finally litigated. It is unconscionable that the title to the real estate should be unmarketable for that length of time.

"9. This court had the right and duty to enter an order upon defendant's Motion to Dismiss which would have been immediately appealable. This follows from plaintiff's (a) having based its claim

386

upon two contracts, (b) having made claims for relief in the alternative, and (c) the order of November 30, 1964 having disposed of the action for specific performance of the first contract, but not having disposed of the action for damages on the second."

After several hearings and on February 1, 1965, the trial court, over the objection of the plaintiff, entered a modification order as requested, which modified the order of November 30, 1964, so as to include, "There is no just reason for delaying the enforcement or appeal of this order," and "by deleting the word 'stricken' in paragraph A of said order and inserting the words 'dismissed for want of equity' in its place." Plaintiff appeals.

Initially, plaintiff contends that "the end result of permitting a winning party, *over the objection of the losing party,* to secure a section 50(2) finding is to defeat the remedial purposes of the section. It drives the losing party, as in the case at bar, into the anomalous and intolerable position of appealing from an order which it contends is not appealable. Surely this is not the purpose of section 50(2)." Cases cited in support of plaintiff's theory that it is only "the losing party" who may secure such an order include Vogel v. Melish, 37 Ill App2d 471, 185 NE2d 724 (1962); Krambeer v. Canning, 33 Ill App2d 208, 178 NE2d 147 (1961); Griffin v. Board of Education, 38 Ill App2d 79, 186 NE2d 367 (1962); and Veach v. Great Atlantic & Pacific Tea Co., 22 Ill App2d 179, 159 NE2d 833 (1959).

■ Considering these authorities, we agree with the pronouncements made in Vogel v. Melish, 37 Ill App2d 471, 185 NE2d 724, where the court said (p 474):

"Section 50(2) was enacted for two principal purposes, (1) to discourage piecemeal appeals and (2) to remove the uncertainty as to the right and

387

time to appeal which theretofore existed when a final judgment was entered on less than all of the matters in controversy. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787. A trial judge should keep the first of these purposes in mind when requested to make the express finding that there is no just reason for delaying appeal. As the practice has developed the certification is expected to be entered for the asking, whereas in reality *it is a matter calling for the careful exercise of the court's discretion.*" (Emphasis supplied.)

■ We also agree that a special finding by the trial court, under section 50(2) of the Civil Practice Act, does not make a judgment, order or decree final, if in fact the order in question does not fall within the accepted guidelines of a final and appealable order. Griffin v. Board of Education of Chicago, 38 Ill App2d 79, 186 NE2d 781.

Despite the statements made in the cases cited, that section 50(2) was enacted to remove the uncertainty for the *losing party* as to the right and time to appeal when a final judgment was entered on less than all of the matters in controversy, we find no statement either in the statute or in any case cited restricting the application of section 50(2) to a motion made by the *losing party*. In Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787 (1958), the Supreme Court indicated that a broad discretion was conferred by statute to the trial court (p 206):

"The language of section 50(2), as well as the comments of the committee which drafted it, indicate that a flexible and reasonable meaning was intended for the 'claims' to which the section refers."

■ The test there enunciated by the Supreme Court is one of general propriety, based upon the inherent

388

factors presented in the "claims" for relief. If the legislature had intended to restrict the benefits of section 50(2) to the losing party, as contended by plaintiff, it would have been very simple to so limit its use. As defendant asserts, "Uncertainty is thereby dispelled and it is dispelled whether the finding be made upon the request of the losing party, upon the request of the winning party, or upon the court's own motion." We agree and hold that the use of section 50(2) is available to either the losing party or the winning party, or by the court on its own motion.

Plaintiff next contends: "The order appealed from is interlocutory. A. Section 50(2) does not apply to single claim actions. B. The case at bar presents the same situation as Prange v. City of Marion, 297 Ill App 353."

We agree with plaintiff that "the essential of finality lies at the base of appellate review, and where finality of judgment is lacking, it is the duty of the reviewing court to dismiss the appeal even if the parties fail to bring the insufficiency to the attention of the court." Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473 (1905); Brauer Supply Co. v. Truck Co., 383 Ill 569, 50 NE2d 836 (1943).

In Prange v. City of Marion, 297 Ill App 353, 17 NE2d 616 (1938), the plaintiff brought an action and prayed (a) for an accounting, and (b) for damages. The defendant filed a motion to dismiss the complaint or, in the alternative, to strike certain paragraphs therefrom. The trial court sustained the defendant's motion as to some paragraphs and overruled it as to others, and the cause was left pending in the trial court. The order complained of read as follows: "And those parts of the plaintiffs' cause of action and complaint to which the defendant's motion is hereby sustained, are dismissed. . . . the defendant's motion to strike and to dismiss in all other respects be and the same is hereby denied." The Appellate Court said (p 356):

389

"The order in the instant case merely provided that certain parts of the complaint be dismissed and other portions upheld. It did not, in respect to those dismissed, adjudge that as to those, plaintiffs take nothing, nor that so far as they were concerned, defendant go hence without day; neither did it contain words or phrases of equivalent import, hence within the rule of the cited authorities did not dispose of the rights of the parties respecting such dismissed paragraphs. It was . . . 'no bar to another suit for the same cause of action.' "

In Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534 (1960), it was said (p 137):

"An order providing that certain parts of a complaint be dismissed but not adjudging that plaintiff take nothing nor that defendant go hence without day and containing no words or phrases of equal import, does not dispose of the rights of the parties respecting such dismissed portions and is not a final order from which an appeal will lie."

Cited, also, on this point are Griffin v. Board of Education, 38 Ill App2d 79, 186 NE2d 367, and American Sav. & Accounting Supply, Inc. v. Steinhauer, 41 Ill App2d 37, 190 NE2d 167 (1963).

From these cases, plaintiff argues that the basic order which terminated plaintiff's claim for specific performance is interlocutory and is not appealable until the final disposition of plaintiff's claim for damages.

Defendant states that it "has no quarrel with the Prange case," and asserts the case is consistent with numerous other cases which hold that an order disposing of a separable part of a controversy to be final and appealable if the intent to make the order final and appealable can be gathered from the language used. Cited is Hoier v. Kaplan, 313 Ill 448, 145 NE 243 (1924), where the court said (p 450):

"A judgment at law is a unit. A decree in equity may have the effect of several separate decrees. . . . An appeal may be taken from that part of the decree which deals with a particular subject. . . . The test is whether the decree or order appealed from determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration. The circuit court by its order of dismissal determined finally the rights of the parties with reference to a definite and separate portion of the subject matter of the controversy, hence the order was appealable."

In Mills v. Ehler, 407 Ill 602, 95 NE2d 848 (1950), the court stated (p 610) :

"It is not the form of the decree but the substance and effect of the adjudication which is determinative of whether a particular decree is final."

In Northern Trust Co. v. Essaness Theatres Corp., 348 Ill App 134, 108 NE2d 493 (1952), the court said (p 140) :

"We are of the opinion that substantive rights were involved in plaintiffs' equitable allegations, that they stated an equitable cause of action and that plaintiffs were entitled to try their case in equity upon such equitable issues. In our opinion the case comes within the rule of Mills v. Ehler, 407 Ill 602. . . . While it is true in the instant case the complaint was not divided into separate counts but was treated as a single equitable cause of action, that fact is not sufficient to take this case out of the rule of the above case."

In Gillespie v. United States Steel Corp., 379 US 148 (1964), the court stated that the requirement of finality is to be given a "practical" rather than a "technical" construction.

■ It is our opinion the order of November 30, 1964, as modified by the order of February 1, 1965, "determined finally the rights of the parties" with reference to plaintiff's substantive claim for specific performance, an equitable cause of action and a definite and separate portion of the subject matter of the controversy, of which plaintiff was entitled to try its case in equity. We hold that the order dismissing plaintiff's claim for specific performance is, in substance and effect, final and appealable.

■ Considered finally is plaintiff's contention, "there is involved here only a single claim or 'factual occurrence,'" to which section 50(2) has no application. Plaintiff argues the mere statement of a claim in several ways does not warrant separate appeals, and "a disposition of certain paragraphs of a complaint, leaving the remainder of the complaint undisposed of, is not a final order" without reference "to the exact form on which the order was cast."

On this point plaintiff cites Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Veach v. Great Atlantic & Pacific Tea Co., 22 Ill App2d 179, 159 NE2d 833; Canister Co. v. National Can Corp., 163 F2d 683 (3rd Cir 1947); Town of Clarksville, Va. v. United States, 198 F2d 238 (4th Cir 1952). Plaintiff notes that in Ariola v. Nigro, our Supreme Court pointed out that section 50(2) of the Illinois Civil Practice Act was patterned after Rule 54(b) of the Federal Rules of Civil Procedure, and said (p 204):

> "In its most recent pronouncements, . . . the United States Supreme Court has made it clear that the Federal rule does not apply to a single-claim action. . . . Unquestionably it was the intention that section 50(2) should be similarly limited and we hold that it is."

In Veach v. Great Atlantic & Pacific Tea Co., 22 Ill App2d 179, 159 NE2d 833, plaintiff filed a two-count complaint for alleged tort. The trial court struck Count II with a finding of no just reason to delay enforcement or appeal. In spite of the trial court's finding that there was no just reason to delay enforcement or appeal, the Appellate Court dismissed the appeal and said (p 181):

> "The policy under the federal rule has been against allowing piecemeal appeals where there is only one actual claim involved. Rule 54(b) permits separate judgments where there are separate and distinct claims based on differing occurrences or transactions. If there is only a single claim or 'factual occurrence' involved, the rule cannot be invoked to confer jurisdiction upon an appellate court, and an attempted piecemeal appeal will be dismissed."

In Canister Co. v. National Can Corp., 163 F2d 683, plaintiff requested specific performance and damages for the breach of a contract. The District Court ruled against specific performance and postponed the hearing on the question of damages. The United States Court of Appeals dismissed appeals from the order and said (pp 684, 685):

> "We are of the opinion that the appeals must be dismissed. Rules 54(b) and 42(b) will permit the entry of separate judgments where claims sued on are separate and distinct, based upon differing occurrences or transactions. . . . 'the mere fact that different claims are made arising out of . . . one contractual provision is not sufficient separation of the "causes" so that piecemeal appeal is permissible.' . . . In the litigation at bar, as we apprehend the facts, there is but one contract which has been found to have been breached."

In Town of Clarksville, Va. v. United States, 198 F2d 238, it is said (p 240):

> "A separate claim is said to be that which is entirely distinct from other claims involved in an action and which arises from a different occurrence or transaction."

Based upon the foregoing authorities, plaintiff argues, "The gravamen of the Amended and Supplemental Complaint in the case at bar is that defendant committed a single breach of a single contract when he sold off a large slice of the tract of real estate covered by the contract, which plaintiff needed for a truck terminal. This constituted one 'factual occurrence' for which the plaintiff sought relief by specific performance as to the balance of the tract, or, in the alternative, for damages for the one and only breach. Hence the case at bar is a single claim action to which section 50(2) has no application."

The determination of this point rests within the language used in Ariola v. Nigro, where defendants "cross-appealed reasserting their claims to both injunctive relief and the recovery of damages." The Supreme Court held that the order denying that plaintiffs were entitled to the equitable relief of an injunction disposed of a single claim and was appealable. However, as the trial court had not entered the appropriate finding under section 50(2), the Supreme Court dismissed the appeal stating, "Should, however, the court below, upon the application of *either* the *appellants or cross appellants*, see fit to enter a judgment with an express finding that no just reason exists for delaying the appeal," [Emphasis supplied], the parties need not reprint their brief, and the court would decide the renewed appeal on the record as supplemented.

The court also considered the Federal rule and cases construing and applying it and said (pp 206, 207):

"From the language used, it would appear that the drafters were aware of the confusion and uncertainty attending a test for multiple claims under the Federal rule and expressly sought to avoid it. Most certainly it is not reasonable to assume there was any intention to engraft the uncertainties of Federal procedure in this area into our own.

". . . Looking to the purpose of the section, in light of the committee's comments, we are of the opinion that section 50(2) was intended to apply wherever a final judgment or decree determines fewer than all the rights and liabilities at issue, and that a case such as the present is the very case for which the section was designed."

The reasoning in Ariola v. Nigro was followed in Cunningham v. Brown, 22 Ill2d 23, 174 NE2d 153 (1961), where the administrator of a decedent's estate sued a number of tavern owners who had allegedly caused the decedent's suicide by selling him liquor while he was intoxicated. The complaint was filed in three counts. The trial court dismissed two counts and, as part of the order of dismissal, entered the finding required by section 50(2). The Supreme Court, in denying a motion to dismiss the appeal because only a single claim was involved, said (p 25):

"Although arising from the same occurrence or transaction, the bases of recovery are different. Section 50(2) was intended to apply wherever a final judgment determines fewer than all the rights and liabilities in issue. (Ariola v. Nigro, 13 Ill2d 200.) We think that such is the case here, and that it does not matter, in determining whether multiple counts allege multiple claims for relief, that recovery under one would bar recovery of additional damages under the others. The case is properly here for review."

See, also, People v. American Nat. Bank & Trust Co., 32 Ill2d 115, 203 NE2d 897 (1965).

Defendant argues, "Distinct sets of rights and liabilities are involved inasmuch as the plaintiff asserts that it has the right to either damages or specific performance and that defendant is liable either to pay money or perform. One set of rights and liabilities was disposed of by the order of dismissal."

■ We agree with defendant's assertion that "the injustice of having the title to defendant's real estate clouded from 4 to 7 years when it could be cleared up easily by this appeal is manifest. Plaintiff is not harmed. It receives a quick determination of the legal efficacy of its complaint for specific performance." We hold that section 50(2) does not require that there be separate factual occurrences to have multiple claims for relief. "The right to appeal is not negated, but whether an appeal from a piecemeal order must await final disposition is left to the trial court's discretion." Ariola v. Nigro (p 203).

For the reasons given, the order appealed from is affirmed.

Affirmed.

KLUCZYNSKI, P. J. and BURMAN, J., concur.