ROBERT H. BLANCHETTE *et al.*, Trustees, Plaintiffs-Appellants, *v.* STEVE MARTELL, Defendant-Appellee.

First District (5th Division)    No. 63233

Opinion filed September 2, 1977.

Edward R. Gustafson, of Chicago, for appellants.

No brief filed for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, trustees of the property of Penn Central Transportation Company, debtor, appeal from a summary judgment entered on behalf of defendant, Steve Martell, in an action to recover rent due and owing pursuant to a lease agreement. The threshold issue for review is whether this court has jurisdiction to consider an appeal filed in violation of Supreme Court Rule 304(a). Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).

Defendant-appellee has failed to file a brief in this court, but the simplicity of the record and the nature of the issue presented permits us to decide the appeal without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Martell filed an answer to plaintiffs' first amended complaint and then filed a motion for summary judgment pursuant to section 57 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 57.) He subsequently filed an affidavit in support of his motion. Plaintiffs did not file a counteraffidavit, and on October 3, 1975, the court granted defendant's motion for summary judgment. Plaintiffs filed a notice of appeal on November 3, 1975, and on November 7, 1975, the U. S. Scrap Corporation, which had also been named as a defendant, was dismissed as a party to the suit pursuant to section 52 of the Civil Practice Act. Ill. Rev. Stat. 1975, ch. 110, par. 52.

■■■ The order dismissing Martell did not include the language of Supreme Court Rule 304(a) that "there is no just reason for delaying enforcement or appeal." That rule provides that in the absence of such a

finding, any judgment adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).) In the absence of the express finding, the order dismissing Martell did not become appealable until November 7, 1975, when the U. S. Scrap Corporation was dismissed as a party. Therefore, the notice of appeal filed by plaintiffs on November 3, 1975, as to Martell, was premature. (*In re Estate of Pruett* (1971), 133 Ill. App. 2d 499, 502, 269 N.E.2d 356; *Sidwell v. Sidwell* (1971), 132 Ill. App. 2d 1055, 1058, 271 N.E.2d 115; *E. M. S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695; *United States Fire Insurance Co. v. Kendle* (1974), 23 Ill. App. 3d 531, 539, 318 N.E.2d 644.) When there is no compliance with Rule 304(a), the appellate court has no jurisdiction, and it is proper for the court to dismiss the appeal on its own motion. *Dixon v. Moller* (1975), 33 Ill. App. 3d 648, 342 N.E.2d 232; *Peesel v. Peesel* (1973), 11 Ill. App. 3d 76, 296 N.E.2d 69.

It might be suggested that the notice of appeal was revived when the U. S. Scrap Corporation was dismissed as a party four days later. However, such a determination would extend the time for filing a notice of appeal from 30 days to an indeterminate number, and it would defeat the purposes of Rule 304(a) which are to discourage piecemeal appeals and to remove uncertainty as to the right and time to appeal. *Martino v. Barra* (1967), 37 Ill. 2d 588, 595, 229 N.E.2d 545; *Central Wisconsin Motor Transport Co. v. Levin* (1966), 66 Ill. App. 2d 383, 214 N.E.2d 776; *Vogel v. Melish* (1962), 37 Ill. App. 2d 471, 185 N.E.2d 724.

In view of Supreme Court Rule 304(a), this court is without jurisdiction and the appeal is dismissed.

Appeal dismissed.

SULLIVAN, P. J., and WILSON, J., concur.